JOURNAL ENTRY AND OPINION
Relator requests that this court compel respondent judge to rule on the motions to withdraw guilty plea, for summary judgment, for findings of fact and conclusions of law and for supplemental memorandum in support which he filed in State v. Chavis, Cuyahoga County Court of Common Pleas Case No. CR-362618.
Respondent has filed a motion for summary judgment. Respondent argues that respondent is not the judge assigned to hear Case No. CR-362618. Relator notes that the docket reflects that one of the motions in question — the motion to withdraw guilty plea is assigned to respondent. Nevertheless, Sup.R. 36 requires that cases be assigned to judges according to an "individual assignment system." Any clerical error regarding the assignment of the motion to withdraw guilty plea does not change the fact that respondent is not the judge to whom Case No. CR-362618 is assigned.
In State ex rel. Chavis v. Gaul (Oct. 21, 1999), Cuyahoga App. No. 76483, unreported, this court held that the judgment entry issued in Case No. CR-362618 denying relator's petition for postconviction relief was sufficient to discharge the respondent's responsibility to issue findings of fact and conclusions of law. Relator appealed the decision of the court of common pleas denying postconviction relief and this court affirmed that decision in State v. Chavis (Apr. 6, 2000), Cuyahoga App. No. 76824, unreported.
Relator also requested a delayed appeal from the judgment of conviction which this court dismissed in State v. Chavis (Feb. 28, 2000), Cuyahoga App. No. 77565, unreported. While Case No. 77565 was pending, the court of common pleas did not have the jurisdiction to change the judgment against relator. After this court dismissed relator's delayed appeal, that judgment "is controlling upon the lower court as to all matters within the compass of the judgment." State ex rel. Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94, 97. Relator has, therefore, failed to demonstrate that the court of common pleas has a clear legal duty to act.
We specifically note that, if relator's motion for findings of fact and conclusions of law requests findings of fact and conclusions of law regarding relator's petition for postconviction relief, this court's disposition of Case Nos. 76483 and 76824 make any further action regarding that motion unnecessary. "Mandamus will not issue to compel a vain act. State ex rel. Strothers v. Turner (1997), 79 Ohio St.3d 272; State ex rel. Leach v. Schotten (1995), 73 Ohio St.3d 538." State ex rel. Edwards v. Turner (Aug. 20, 1998), Cuyahoga App. No. 74709, unreported.
Likewise, if relator's motion for findings of fact and conclusions of law requests findings of fact and conclusions of law regarding relator's motion to withdraw guilty plea, relator is not entitled to relief. Findings of fact and conclusions of law are not necessary to dispose of a motion to withdraw guilty plea. State ex rel. Singleton v. Villanueva (Nov. 26, 1997), Cuyahoga App. No. 73208, unreported.
Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE
TERRENCE O'DONNELL, J., CONCURS.