THE STATE EX REL. STROTHERS, APPELLANT, *v.* TURNER, CLERK, APPELLEE.

[Cite as *State ex rel. Strothers v. Turner* (1997), 79 Ohio St.3d 272.]

(No. 97–444—Submitted May 20, 1997—Decided July 23, 1997.)

*Gerald O. Strothers, Jr., pro se.*

*Sharon Sobol Jordan,* Cleveland Director of Law, and *Renee A. Bacchus,* Assistant Director of Law, for appellee.

*Per Curiam.* Strothers asserts that he is entitled to the requested writ of mandamus pursuant to R.C. 2935.09. For the reasons that follow, we find this assertion to be meritless and affirm the judgment of the court of appeals.

While R.C. 2935.09 provides that a "private citizen having knowledge of the facts" shall file with a judge, clerk of court, or magistrate an affidavit charging an offense committed in order to cause the arrest or prosecution of the person charged, it must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed. *State v. Holbert* (1974), 38 Ohio St.2d 113, 117, 67 O.O.2d 111, 113, 311 N.E.2d 22, 25.

R.C. 2935.10(A) provides after the filing of an R.C. 2935.09 affidavit with a judge, clerk, or magistrate charging a felony offense, "such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant."

Under R.C. 2935.10(A), a clerk with whom an R.C. 2935.09 affidavit charging a felony offense is filed has no duty to issue an arrest warrant if the clerk

determines that the affidavit is either not filed in good faith or is not meritorious. *State ex rel. Jackson v. Clerk of Courts, Columbiana Cty.* (June 8, 1995), Columbiana App. No. 94–C–75, unreported, 1995 WL 358705. Instead, under the foregoing circumstances, the clerk need only refer the matter to the prosecuting attorney. *Id.*; R.C. 2935.10(A).

As the court of appeals determined, mandamus will not issue to compel a vain act. *State ex rel. Leach v. Schotten* (1995), 73 Ohio St.3d 538, 540, 653 N.E.2d 356, 358. A writ of mandamus to compel Turner to file the affidavit would constitute a vain act because the summary judgment evidence established that Turner had reason to believe that Strothers's affidavit lacked merit and that the prosecuting attorney had already determined that there existed no probable cause to believe that Carter had committed the offenses charged by Strothers. As the court of appeals noted, "the authorities responsible for prosecuting Carmela Carter for any criminal violation have determined that no probable cause exists for the filing of criminal charges." Therefore, since the filing of Strothers's affidavit would lead to neither Carter's arrest nor prosecution, the court of appeals properly concluded that Strothers is not entitled to the requested extraordinary relief in mandamus.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.