OPINION *Page 2 
{¶ 1} Relator has filed a Complaint for the issuance of a Writ of Mandamus compelling Respondent to file a criminal complaint prepared by Relator. Respondent has filed a Motion to Dismiss to which Relator has filed a reply in opposition.
 {¶ 2} Relator presented a criminal complaint to Respondent against Joseph A. Flautt for Tampering with Evidence, a felony of the third degree. Attached to the Complaint is an affidavit signed by Relator which appears to purport to be filed in compliance with R.C. 2935.09 and2935.10.
 {¶ 3} To be entitled to the issuance of a writ of mandamus, relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 26-27,661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978), 5 Ohio St.2d 41,324 N.E.2d 641, citing State ex rel. National City Bank v. Bd. ofEducation (1977), 520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 4} We find Relator does not have a clear legal right to the relief prayed for nor does Respondent have a clear legal duty to perform the requested act.
 {¶ 5} Relator relies on R.C. 2935.09 as the basis for establishing a clear legal right. R.C. 2935.09 provides,
 {¶ 6} 2935.09 Accusation by affidavit to cause arrest or prosecution
 {¶ 7} (A) As used in this section, "reviewing official" means a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate. *Page 3 
 {¶ 8} (B) In all cases not provided by sections 2935.02 to2935.08 of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer or a private citizen having knowledge of the facts shall comply with this section.
 {¶ 9} (C) A peace officer who seeks to cause an arrest or prosecution under this section may file with a reviewing official or the clerk of a court of record an affidavit charging the offense committed.
 {¶ 10} (D) A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.
 {¶ 11} R.C. § 2935.09.
 {¶ 12} R.C. 2935.09(D) allows, in limited circumstances, a private citizen to file an affidavit charging an offense with the clerk of courts for the purpose of having a reviewing official determine whether a complaint should be filed. In the instant case, Relator seeks to file a complaint with an affidavit attached. The statute distinguishes a complaint from an affidavit. The plain language of this code section does not permit the filing of a complaint by a private citizen; therefore, Relator has not demonstrated he has a clear legal right to have his complaint filed. Nor has Relator demonstrated Respondent has a clear legal duty to file a complaint issued by a private citizen under this statute. We do recognize Relator has a clear legal right to file an affidavit charging the offense with the clerk's office either before or after normal business hours of the reviewing officials, if the clerk's office is open.
 {¶ 13} WRIT DENIED. *Page 4 
 {¶ 14} COSTS TO RELATOR.
Hoffman, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator Writ of Mandamus is hereby denied. Costs taxed to Relator. *Page 1