**[THE STATE EX REL.] DOMINGUEZ, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.**

[Cite as *State ex rel. Dominguez v. State,* **129 Ohio St.3d 203, 2011-Ohio-3091.**]

*Appeal from dismissal of a petition for a writ of mandamus — No duty to perform act requested — Judgment affirmed.*

(No. 2011-0481 — Submitted June 21, 2011 — Decided June 29, 2011.)

APPEAL from the Court of Appeals for Hamilton County, No. C-110018.

_____

**Per Curiam.**

{¶ 1} We affirm the dismissal of the petition of appellant, Jose Dominguez, for a writ of mandamus to compel the Hamilton County Clerk of Courts to file a criminal complaint and affidavit charging Hamilton County Prosecuting Attorney Joseph T. Deters with perjury in violation of R.C. 2921.11(A), a felony of the third degree.

{¶ 2} "While R.C. 2935.09 provides that a 'private citizen having knowledge of the facts' shall file with a judge, clerk of court, or magistrate an affidavit charging an offense committed in order to cause the arrest or prosecution of the person charged, it must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed." *State ex rel. Strothers v. Turner* (1997), 79 Ohio St.3d 272, 273, 680 N.E.2d 1238. Insofar as Dominguez sought to file his criminal complaint, the clerk of courts had no duty to file it. *State ex rel. Muff v. Wollenberg*, Perry App. No. 08-CA-11, 2008-Ohio-4699, ¶ 12 ("The plain language of [R.C. 2935.09(D)] does not permit the filing of a complaint by a private citizen," although it does recognize the filing of an affidavit by the private citizen).

**{¶ 3}** For Dominguez's affidavit, the clerk also had no duty to file it because it established that the claimed perjury charges occurred in 1995, which was outside the six-year statute of limitations in R.C. 2901.13(A)(1)(a) to commence prosecution of the claimed felony offenses. Therefore, because a writ of mandamus to compel the clerk to file the affidavit would not have resulted in the issuance of an arrest warrant or prosecution of the claimed offenses, "mandamus will not issue to compel a vain act." *Strothers* at 274.

**{¶ 4}** Finally, although Dominguez sought the writ of mandamus to compel the Hamilton County Clerk of Courts to file his complaint and affidavit, he did not name the clerk as the respondent in his petition. See *State ex rel. Ross v. State*, 102 Ohio St.3d 73, 2004-Ohio-1827, 806 N.E.2d 553, ¶ 8.

**{¶ 5}** For all the foregoing reasons, we affirm the judgment of the court of appeals dismissing Dominguez's mandamus petition.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jose Dominguez, pro se.

_____