[Cite as *Marks v. Reliable Title Agency, Inc.*, 2012-Ohio-3006.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KENNETH C. MARKS | ) | CASE NO. 11 MA 22 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| RELIABLE TITLE AGENCY, INC. | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:       Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 10 CV 2493

JUDGMENT:                        Affirmed.

APPEARANCES:

For Plaintiff-Appellant:         Atty. Justin C. Miller
3443 Medina Road, Suite 101-E
Medina, Ohio  44256

For Defendant-Appellee:          Atty. Jane M. Lynch
Atty. Jared A. Wagner
Green & Green Lawyers
800 Performance Place
109 N. Main Street
Dayton, Ohio  45402

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  June 29, 2012

WAITE, P.J.

{¶1}   Appellant Kenneth C. Marks appeals the dismissal of his complaint against Appellee Reliable Title Agency, Inc. ("Reliable").  Appellant filed the lawsuit in 2010, alleging breach of fiduciary duty.  Appellant claimed that Reliable drafted a power of attorney for Appellant in 2004 in favor of his wife Susan Marks ("Susan"), along with a warranty deed for property they were purchasing in Warren, Ohio.  The warranty deed conveyed the property to Susan individually.  The mortgage to the property, though, was signed by Susan individually and by her as power of attorney for Appellant.  The parties later divorced and the property was allegedly awarded to Susan in its entirety as separate property.  Reliable filed a Civ.R. 12(B) motion to dismiss for failure to state a claim, and the motion was granted.  The trial court granted the motion for two reasons:  (1) there is no general fiduciary duty arising from the act of drafting of a power of attorney; and (2) the four-year statute of limitations for a breach of fiduciary duty had expired.  Both of the reasons given by the trial court are correct, and the judgment is affirmed.

{¶2}   Since this case was dismissed at the pleadings stage, the allegations listed in the complaint will be treated as the facts of the case for purposes of this appeal.  Appellant filed his complaint in the Mahoning County Court of Common Pleas on June 29, 2010.  The complaint contains a sole count of breach of fiduciary duty.  It alleges that Reliable prepared a warranty deed on July 15, 2004, in the name of his then spouse, Susan Marks, for the transfer of property to her at 755 Willard Avenue, Warren, Ohio.  It also alleges that on the same day Reliable prepared a power of attorney for Appellant to sign, giving Susan the power of attorney to borrow

money, to execute negotiable or non-negotiable notes, to purchase real property, and to mortgage the property at 755 Willard Avenue.  Appellant claims that he was not listed on the deed but is listed as a borrower on the mortgage, signed by Susan using the power of attorney.  The mortgage was for $57,000.

{¶3}    Appellant alleges that Susan refinanced the mortgage in 2006 using her maiden name in the amount of $59,000.  Appellant alleges that he and Susan were divorced on March 19, 2009, and that the property at 755 Willard Avenue was awarded to Susan in full with no compensation to Appellant.

{¶4}    Appellant claims that he did not discover that his name was not on the deed to 755 Willard Avenue until October of 2006.  Appellant states on appeal that he cannot read and that his inability to read has a bearing on the case, but this fact is not mentioned in the complaint or in any other document in the record.

{¶5}    Appellant alleged that Reliable owed him a general fiduciary duty arising from its drafting of the power of attorney, and that Reliable should have known to insert his name on the deed after it had prepared the power of attorney for him.  Appellant argues that if the deed had been prepared correctly, he would have had compensation for the 755 Willard Avenue property in the divorce and could have prevented Susan from refinancing the mortgage in her maiden name.

{¶6}    Reliable filed a Civ.R. 12(B) motion to dismiss on September 3, 2010.  Appellant filed his response on September 21, 2010.  The trial court granted the motion on January 6, 2011, and this appeal followed.  Reliable filed a motion to

dismiss the appeal as untimely filed, but we issued a judgment entry on March 7, 2011, determining that the appeal was filed within the time allowed by App.R. 4.

{¶7} Reliable also argues that the appeal should be dismissed due to Appellant's failure to include a statement of issues in his brief as required by App.R. 16(A)(4). Although this Court is permitted to dismiss an appeal or strike a brief for failure to follow the appellate rules regarding the submission of briefs on appeal, the issues in this case are self-evident from the assignment of error and may be dealt with in summary fashion despite Appellant's procedural error. *Cook v. Wilson*, 165 Ohio App.3d 202, 2006-Ohio-234, 845 N.E.2d 563 (10th Dist.).

## ASSIGNMENT OF ERROR

THE LOWER COURT ERRED BY GRANTING APPELLEE'S MOTION TO DISMISS.

{¶8} Civ.R. 12(B)(6) allows a court to dismiss a claim if it is apparent on the face of the claim that relief cannot be granted. When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court's standard of review is de novo. *Perrysburg v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶5; *Pallay v. Nationwide Ins. Co.*, 165 Ohio App.3d 242, 2005-Ohio-5932, 846 N.E.2d 58 (7th Dist.).

{¶9} Courts will look only to the complaint and, where appropriate, any written instruments upon which a claim is predicated, to determine whether the allegations are legally sufficient to state a claim. *Slife v. Kundtz Properties*, 40 Ohio App.2d 179, 185-186, 318 N.E.2d 557 (8th Dist.1974). A Civ.R. 12(B)(6) motion

should be granted "only where the allegations in the complaint show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover," or where the "writing presents an insuperable bar to relief." *Id.*

**{¶10}** In construing the complaint, a court must presume that all factual allegations contained in the complaint are true, and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991). Legal conclusions in a complaint do not enjoy a presumption of truth under a Civ.R. 12(B)(6) review. *Thomas v. Jackson Hewitt, Inc.*, 192 Ohio App.3d 732, 2011-Ohio-618, 950 N.E.2d 578, ¶8 (8th Dist.).

**{¶11}** Appellant argues that the trial court was incorrect in both aspects of its judgment. Appellant contends that the preparation of a power of attorney does involve a general fiduciary duty, and that the statute of limitations for breach of fiduciary duty did not expire due to the "discovery rule." The issues will be reviewed in reverse order.

**{¶12}** As a preliminary matter, it appears to us that Appellant is attempting to use a complaint for breach of fiduciary duty as a means to collaterally attack the judgment of the domestic relations court that has already resolved the matter of the ownership of the marital home. Appellant admitted in his complaint that he and Susan were married, that they were divorced in 2009, and that the property was

awarded to her in the divorce. Obviously, a domestic relations court has the authority to issue orders and judgments relating to the marshaling, classification and division of marital property, and the court has the authority to enforce its orders and judgments. R.C. 3105.171(B). We are not aware of any specific case in which a claim of breach of fiduciary duty has been used to collaterally attack a domestic relation court's division of marital property, and we can readily imagine the many problems that would arise in any such attempt.

**{¶13}** Turning now to Appellant's arguments, we first examine the question of whether the statute of limitations bars his claim. "A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶13.

**{¶14}** The statute of limitations for a claim of breach of fiduciary duty is four years, pursuant to R.C. 2305.09. *Tablack v. Wellman*, 7th Dist. No. 04-MA-218, 2006-Ohio-4688, ¶94; *see also*, *Kondrat v. Morris*, 118 Ohio App.3d 198, 207, 692 N.E.2d 246 (1997). Appellant filed his claim two years after the statute of limitations expired. Therefore, the claim is time barred. He argues that the discovery rule should be applied to extend the statute of limitations in this case. "The 'discovery rule' generally provides that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury." *Investors REIT*

*One v. Jacobs*, 46 Ohio St.3d 176, 179, 546 N.E.2d 206 (1989). We have repeatedly held that the "discovery rule" does not apply to a breach of fiduciary duty claim. *Hellman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 249, 743 N.E.2d 484 (2000), citing *Hirschl v. Evans*, 7th Dist. No. 94CA43, 1996 WL 146090 (Mar. 27, 1996). Further, there is no scenario in which Appellant could be viewed as having used reasonable care to discover the alleged injury when he could have simply looked at the deed, or had someone else look at the deed for him, to see if his name appeared on the deed. Appellant's pleading constitutes an admission that he did not use reasonable care to discover the alleged error in the deed. Therefore, the trial court was correct in dismissing the complaint due to the expiration of the statute of limitations and because the discovery rule does not apply to his claim.

{¶15} Even if the statute of limitations did not bar the claim, Appellant has not alleged any facts which could support a breach of fiduciary duty claim. Appellant's second argument is that Reliable entered into a fiduciary relationship when Reliable drafted a power of attorney granting Appellant's former wife the right to obtain property. Appellant alleges that the act of drafting a power of attorney form created a general fiduciary duty of care directly to Appellant. Appellant further alleges that one aspect of the fiduciary duty was to ensure that Appellant's name was on the deed for the property that he and his wife were mortgaging. Appellant's argument is completely untenable.

{¶16} A "fiduciary" is defined as "a person having a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his

undertaking." (Emphasis deleted.) *Hurst v. Ent. Title Agency*, 157 Ohio App.3d 133, 2004-Ohio-2307, 809 N.E.2d 689, ¶39 (11th Dist.), quoting *Strock v. Pressnell*, 38 Ohio St.3d 207, 216, 527 N.E.2d 1235 (1988) and *Haluka v. Baker*, 66 Ohio App. 308, 312, 34 N.E.2d 68 (1941). To support a breach of fiduciary duty claim, a party must show the existence of a fiduciary relationship, failure to comply with a duty accorded that relationship, and damages proximately resulting from that failure. *Strock*, at 216.

{¶17} Appellant has not cited any authority for the unusual idea that if a title agent drafts a power of attorney he must also insure that the name of the grantor of the power of attorney will appear on any subsequent documents, such as a deed. Appellee has cited caselaw that holds that a power of attorney only creates a fiduciary duty between the persons who are actually named in the power of attorney. *A.G. Financial, Inc. v. LaSalla*, 8th Dist. No. 84880, 2005-Ohio-1504. Appellant very clearly did not allege in his complaint that he told anyone at Reliable to put his name on the warranty deed. Instead, he claims that Reliable, a third party to the power of attorney, breached a duty by failing to anticipate that he wanted his name on the deed, even though Appellant had just given his wife the power of attorney that included the right to obtain property. The duty that Appellant attempts to delineate does not fit into any existing understanding of fiduciary duties. In addition, it appears logically inconsistent.

{¶18} The power of attorney was attached to Appellant's complaint. It gives Susan the power to do exactly what she did:  sign Appellant's name to a mortgage

agreement. The power of attorney permits Susan to do many things, but does not require Susan to take any specific action. The events that Appellant describes in his complaint do not conflict with the power of attorney, and there is certainly no language contained in the power of attorney that required Appellant's name to be placed on a warranty deed. In short, the documents attached to the complaint do not describe or define any recognizable breach of a duty.

{¶19} Appellant's claim for breach of fiduciary duty is time barred. Even if it were not, he has not set forth a cognizable claim in his complaint. The judgment of the trial court dismissing Appellant's complaint is affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.