[Cite as *Mehno v. Dattilio*, 2016-Ohio-4659.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ANTHONY MEHNO, | ) | CASE NO. 15 CO 0023 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ANTHONY J. DATTILIO, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:         Civil Appeal from the Court of Common
                                                        Pleas of Columbiana County, Ohio
                                                        Case No. 2015 CV 400

JUDGMENT:                                      Affirmed.

APPEARANCES:

For Plaintiff-Appellant:                     Anthony Mehno, *pro se*
                                                        #642-629
                                                        15802 State Route 104 North
                                                        P.O. Box 5500
                                                        Chillicothe, Ohio  45601

For Defendant-Appellant:                 Atty. Andrew Beech
                                                        Assistant Prosecutor
                                                        Columbiana County Courthouse
                                                        105 South Market Street
                                                        Lisbon, Ohio 44432

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                                        Dated:  June 17, 2016

[Cite as *Mehno v. Dattilio*, 2016-Ohio-4659.]
ROBB, J.

{¶1} Plaintiff-Appellant Anthony Mehno appeals the decision of Columbiana County Common Pleas Court granting Defendant-Appellee Anthony J. Dattilio's, Columbiana County Clerk of Courts, Civ.R. 12(B)(6) motion to dismiss. The issue is whether Appellant stated a claim for relief under R.C. 2935.09 and R.C. 2935.10. For the reasons expressed below, the trial court's decision is affirmed.

<u>Statement of the Case</u>

{¶2} On August 3, 2015, Appellant, acting pro se, filed a complaint against Appellee in his individual and official capacity. Appellant contended that on February 27, 2015 he sent an "Affidavit of Accusation" pursuant to R.C. 2935.09 and R.C. 2935.10 to Appellee, the Columbiana County Clerk of Courts. He claimed instead of filing the affidavit and issuing an arrest warrant, Appellee forwarded it to the prosecutor's office. Appellant contended that act constituted negligence and "careless indifference" to his rights. Appellant sought only monetary damages in the amount of "$250.000 [sic] dollars." The prayer for relief did not request an order requiring Appellee to comply with R.C. 2935.09 and R.C. 2935.10. The complaint was accompanied by a R.C. 2969.25(A) affidavit indicating he has not filed any civil actions in this court or any other court in the United States within the past five years.

{¶3} In lieu of filing an answer, Appellee, represented by the Columbiana County Prosecutor's Office, filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Appellee asserted Appellant's admission that Appellee forwarded the affidavit to the prosecutor's office indicated the mandates of R.C. 2935.09 and R.C. 2935.10 were followed; the clerk had no duty to issue an arrest warrant, but acted within his discretion and forwarded the matter to the prosecuting attorney. According to Appellee, since Appellee complied with the statutory requirements, Appellant could not establish any factual basis upon which any award of damages could be granted. 8/6/15 Appellee Motion to Dismiss.

{¶4} The trial court granted the motion to dismiss. 9/2/15 J.E.

{¶5} Appellant, acting pro se, timely appealed the decision and raises two assignments of error. The assignments of error will be addressed together.

<u>First and Second Assignments of Error</u>

"The trial court denied Appellant due process and equal protection of the law under the 1st, 5th, and 14th Amendments to the United States Constitutions [sic] where it granted Appellee's motion to dismiss, and ruled that Appellant failed to state a claim upon which relief can be granted."

"The trial court abused its discretion and acted with bias against Appellant when it ruled that Appellant had failed to state a claim upon which relief could be granted, and thus denied Appellant his due process rights under the 1st, 5th and 14th Amendments to the U.S. Constitutions, [sic] as the trial court never provided its reasons for its legal findings which are required by law."

**{¶6}** There appears to be two arguments raised in the assignments of error. Appellant asserts the trial court committed plain and prejudicial error when it failed to issue findings of fact and conclusions of law in its decision. He also argues the trial court erred when it determined he failed to state a claim upon which relief could be granted. Appellant claims Appellee had no discretion to forward the affidavit to the prosecuting attorney, but rather was required to file it and issue an arrest warrant. Each argument will be addressed in turn.

A. Findings of Fact and Conclusions of Law

**{¶7}** Civ.R. 52 provides a procedure to request findings of fact and conclusions of law when questions of fact are tried to the court without a jury. Appellant made no request for findings of fact and conclusions of law under the rule. Therefore, the trial court was not required to issue findings of fact and conclusions of law. *Horn v. Horn*, 6th Dist. No. S-12-015, 2013-Ohio-4084, ¶ 29 (no request for findings of fact or conclusions of law made regarding trial court's determination of spousal support and therefore, trial court did not err in failing to issue them); *In re D.D.D.*, 7th Dist. No. 12 JE 7, 2012-Ohio-5254, ¶ 2 (trial court did not commit plain error by failing to issue findings of fact and conclusions of law when there was no request for them).

**{¶8}** Furthermore, even if findings of fact and conclusions of law were requested, Civ.R. 52 indicates findings are not required when ruling on Civ.R. 12 motions; "Findings of fact and conclusions of law required by this rule and by Civ.R.

41(B)(2) and Civ.R. 23(G)(3) are unnecessary upon all other motions including those pursuant to Civ.R. 12, Civ.R. 55 and Civ.R. 56." Civ.R. 52.

**{¶9}** Specifically, as to ruling on a Civ.R. 12(B)(6) motion, the Ohio Supreme Court has stated, "When a court dismisses a complaint pursuant to Civ.R. 12(B)(6), it makes no factual findings beyond its legal conclusion that the complaint fails to state a claim upon which relief can be granted. Thus, the court does not assume the role of factfinder and has no duty to issue findings of fact and conclusions of law." *State ex rel. Drake v. Athens County Bd. of Elections*, 39 Ohio St.3d 40, 41, 528 N.E.2d 1253 (1988).

**{¶10}** For both of the above reasons, Appellant's assertion that the trial court committed error when it failed to issue findings of fact and conclusions of law fails.

B. Civ.R. 12(B)(6) Dismissal

**{¶11}** A reviewing court conducts a de novo review of a trial court's decision on a Civ.R. 12(B)(6) motion to dismiss. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

**{¶12}** Civ.R. 12(B)(6) allows a court to dismiss a claim if it is apparent on the face of the complaint that relief cannot be granted. *Marks v. Reliable Title Agency, Inc.*, 7th Dist. No. 11 MA 22, 2012-Ohio-3006, ¶ 8. In examining the complaint, the trial court must presume all factual allegations contained in the complaint are true, and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). A motion to dismiss for failure to state a claim can be denied only after the trial court examines the complaint and determines the allegations do not provide for relief on any possible theory. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 653 N.E.2d 1186 (1995).

**{¶13}** Here, Appellant sent an "affidavit of accusation" pursuant to R.C. 2935.09 and R.C. 2935.10 to the Columbiana County Clerk of Courts. The complaint appears to indicate the crime being asserted in the "affidavit of accusation" was a felony. Appellee forwarded the affidavit to the prosecuting attorney. Appellant contends Appellee was required to file the affidavit and issue an arrest warrant. He asserts Appellee had no discretion and should not have forwarded it to the prosecuting attorney.

**{¶14}** The Ohio Supreme Court has explained R.C. 2935.09 must be read in pari materia with R.C. 2935.10. *State ex rel. Dominguez v. State*, 129 Ohio St.3d 203, 2011-Ohio-3091, 951 N.E.2d 77, ¶ 2, citing *State ex rel. Strothers v. Turner*, 79 Ohio St.3d 272, 273, 680 N.E.2d 1238 (1997).

**{¶15}** R.C. 2935.09(D) outlines the procedure for a private citizen to file an affidavit charging a criminal offense:

> A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

R.C. 2935.09(D).

**{¶16}** R.C. 2935.09(A) defines reviewing official; "(A) As used in this section, "reviewing official" means a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate." A clerk of courts is not a reviewing official as defined by R.C. 2935.09(A). *State ex rel. Morrison v. Smith*, 5th Dist. No. 15CA46, 2016-Ohio-623, ¶ 4.

**{¶17}** R.C. 2935.10(A) sets forth a reviewing official's duties when an affidavit alleging a felony is received:

> Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith

issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.

R.C. 2935.10(A).

**{¶18}** As aforementioned, Appellant asserted in the complaint that the affidavit alleged a felony was committed. Thus, R.C. 2935.10(A) was applicable.

**{¶19}** Neither R.C. 2935.09 nor R.C. 2935.10 requires the clerk of courts to file the affidavit and issue an arrest warrant in this situation. It is undisputed the clerk of courts received this affidavit by mail, which would have been during the normal business hours of the reviewing officials. Under R.C. 2935.09, there is no requirement for the clerk of courts to file the affidavit during the normal business hours of the reviewing official. The clerk's legal duty to file an affidavit only arises when the clerk receives an affidavit from a private citizen during a reviewing official's non-business hours. *State ex rel. Morrison*, 2016-Ohio-623, at ¶ 9 (holding relator failed to state a claim upon which relief may be granted because relator makes no allegation in his complaint that the affidavit was received by the clerk during the reviewing official's non-business hours).

**{¶20}** Furthermore, both of these sections indicate Appellee complied with his official duties by forwarding the "affidavit of accusation" to the prosecuting attorney. The prosecuting attorney is a reviewing official as defined by R.C. 2935.09. *Id.* at ¶ 4. A clerk has no reviewing authority under the language used in R.C. 2935.10. *Id.* at ¶ 12 (stating a clerk is only required to issue a warrant if the reviewing authority finds the claim to be meritorious and filed in good faith). The only option under these two statutes is for the clerk to forward the affidavit to a reviewing official. *Id.* at ¶ 3-12; R.C. 2935.09(D).

**{¶21}** Consequently, based on the above the trial court correctly determined Appellant was not entitled to relief under any possible theory because there was no breach of a duty.

## Conclusion

**{¶22}** Both assignments of error are meritless. The trial court did not err by failing to issue findings of fact and conclusions of law; Appellant was not entitled to findings of fact and conclusions of law. Likewise, the trial court correctly granted the Civ.R. 12(B)(6) motion; it is apparent from the face of the complaint relief cannot be granted under any possible theory. The trial court's decision is affirmed.

Donofrio, P.J., concurs.

Waite, J., concurs.