[Cite as *State v. Burns*, 2019-Ohio-1141.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28109 |
| | : | |
| v. | : | Trial Court Case No. 1988-CR-1058 |
| | : | |
| DAVID D. BURNS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 29th day of March, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

DAVID D. BURNS, #205-955, P.O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the pro se August 30, 2018 Notice of Appeal of David Burns. Burns appeals from the dismissal of his pro se Affidavit by Accusation, which named the Montgomery County Prosecutor's Office as defendant. For the reasons that follow, the judgment of the trial court is reversed, and the matter is remanded with instructions for the trial court to comply with R.C. 2935.10

{¶ 2} In 1988, Burns was convicted of two counts of aggravated murder, one count of aggravated robbery, one count of aggravated burglary, and one count of child endangering. He was sentenced to life in prison for aggravated murder, 10-25 years each for aggravated robbery and aggravated burglary, and 4-10 years for child endangering, all to be served consecutively. This court affirmed Burns' conviction on direct appeal. *State v. Burns*, 2d Dist. Montgomery No. 11216, 1990 WL 80571 (June 14, 1990).

{¶ 3} Burns filed his Affidavit by Accusation on March 23, 2018. Burns alleged:

* * * The Montgomery County Prosecutor committed the crime of fraud upon the court when he (1) obstructed justice in violation of the Ohio Revised Code Section 2921.32(A)(4)(5) and (6) a felony of the fifth degree, (2) obstruct[ed] official business, in violation of Ohio Revised Code Section 2921.31(A) a felony of the fifth degree due to his action, or lac[k] thereof having a great potential risk for causing complaintant [sic] to suffer serious physical harm, as the Defendant * * *[, and] Knowingly and with malicious, wanton intent used a false pre-sentence investigative report in order to

corrupt an official proceeding, and all those in which would follow. Also see interfering with civil rights R.C. 2921.45(A).

{¶ 4} Burns' Affidavit further asserted that the Montgomery County Prosecutor had "maliciously violate[d]" Ohio law by deliberately using a "false" presentence investigation report, which caused Burns' sentence "to be enhanced" and caused "everything about his incarceration to be misjudged." Burns demanded that this false information be corrected. Finally, he asserted that, although the coroner's testimony corroborated Burns' position that the victim had not been beaten prior to his suffocation, the prosecutor "insisted" in "a falsely made report" (evidently, the disputed PSI) that the victim had been beaten; accordingly to Burns, this erroneous allegation had adversely affected his "ability to get into programs, and get released by the adult parole authorities."

{¶ 5} On April 3, 2018, the State filed a memorandum in opposition to Burns' Affidavit by Accusation and moved to dismiss. The State asserted that the Affidavit was not properly filed, since it bore Burns' criminal case number, that Burns offered no facts to support his allegations, that the statute of limitations barred prosecution, and that Burns' "dispute of the facts does not constitute fraud."

{¶ 6} The trial court granted the State's motion to dismiss. The court found "no merit in the affidavit by accusation."

{¶ 7} Burns raises the following assignment of error on appeal:

> APPELLANT CONTENDS THAT THE TRIAL COURT JUDGE DENIED HIM HIS RIGHTS UNDER THE 1ST, 5TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS TO MEANINGFUL ACCESS TO THE COURT, AND THE RIGHT TO PETITION

THE GOVERNMENT FOR REDRESS OF INJURIES WHICH DENIED HIM DUE PROCESS WHEN THE JUDGE FAILED TO ADHERE TO STATUTORY LAW, AND DISMISSED HIS CRIMINAL AFFIDAVIT PURSUANT TO R.C. 2935.09 SUMMARILY.

{¶ 8} According to Burns, R.C. 2935.10 does not provide the trial court with the option of summarily dismissing an affidavit of accusation that it believes to be without merit. He argues that the trial court made "absolutely none of the required findings under the statute, concerning whether it believed the affidavit/complaint was filed in bad faith or not." He asserts that the trial court could not have found that he "acted in bad faith by filing the criminal affidavit," because he "demonstrated that he was a victim of the crimes alleged within the complaint." Burns also asserts that the court failed to notify him pursuant to R.C. 2930.03 through R.C. 2930.06 of any investigation or other action prior to its dismissal of the action, as required by statute. Burns asserts:

In the case at bar, the judge's decision gave no findings of facts or conclusions of law in which this court can draw an opinion on, so the only issue herein is the fact that the trial court abused it's [sic] discretion in not applying statutory laws correctly, and for this reason, Appellant submits that this single assignment of error must be sustained, and this case reversed and remanded back to the trial court with instructions to follow the letter of the law pursuant to R.C. 2935.09 and 2935.10.

{¶ 9} The State responds that the trial court did not err in finding no merit to Burns' Affidavit by Accusation and in granting the State's motion to dismiss. The State points out that Burns' Affidavit "was filed under his existing 1988 criminal case number, rather than

as a separate cause of action. For that reason alone, the affidavit was rightfully dismissed because it did not invoke the proper jurisdiction of the trial court."[1]   The State also asserts that R.C. 2935.09 necessarily requires more than a mere allegation that an offense has been committed; "it requires the affiant to present a factual basis upon which the judge, clerk, or magistrate can assess the veracity of the claims," and Burns "offered no 'facts' " to support any of the offenses he alleges the Prosecutor committed.   "The closest Burns came to offering a factual basis for his claims is his suggestion that the Prosecutor 'used a false pre-sentence investigation report.' " According to the State, Burns' argument does not recognize that presentence investigation reports are not prepared by the prosecutor, but instead are prepared by the probation department at the trial court's direction and then are used by the court at sentencing. Consequently, any allegedly "false" statements in Burns' presentence investigation report were not the fault of the prosecutor.

{¶ 10} The State further asserts that each alleged offense occurred in 1988, beyond the six-year statute of limitations for commencing a prosecution for felony offenses and outside the two-year statute of limitations for commencing a prosecution for misdemeanors.   The State cites *State ex rel. Dominguez v. State of Ohio*, 129 Ohio St.3d 203, 2011-Ohio-3091, 951 N.E.2d 77, in which a private citizen petitioned for a writ of mandamus to compel the clerk of courts to file a criminal complaint and affidavit charging the county prosecutor with felony perjury. *Id.* at ¶ 1.   The Supreme Court of Ohio held:

> For Dominguez's affidavit, the clerk also had no duty to file it because
>
> it established that the claimed perjury charges occurred in 1995, which was

---

[1]  We note that the affidavit bears a blank space for a case number, and it is not clear how the case number was assigned.

outside the six-year statute of limitations in R.C. 2901.13(A)(1)(a) to commence prosecution of the claimed felony offenses. Therefore, because a writ of mandamus to compel the clerk to file the affidavit would not have resulted in the issuance of an arrest warrant or prosecution of the claimed offenses, "mandamus will not issue to compel a vain act." * * *

*Id.* at ¶ 3, quoting *State ex rel. Strothers v. Turner*, 79 Ohio St.3d 272, 273, 680 N.E.2d 1238 (1997).

{¶ 11} Finally, the State asserts that Burns' "real issue" appears to be that he disagrees with certain evidence that he beat the child-victim of his offenses, "rather than merely poisoning and suffocating him to death," and with our statement in the opinion affirming his conviction that there was evidence that the victim had been beaten.

{¶ 12} With respect to the State's argument that the court's jurisdiction was not properly invoked because the affidavit was filed under the existing criminal case number, we find this argument to be without merit; it is not clear who wrote the case number on the blank line of the Affidavit, or when.

{¶ 13} "A trial court's obligations with regard to citizen affidavits are defined by R.C. 2935.09 and 2935.10." *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 12. "A private citizen may initiate the arrest or prosecution of a person charged with committing an offense if the citizen complies with the requirements of R.C. 2935.09(D). *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 6." *State ex rel. Brown v. Jeffries*, 4th Dist. Ross No. 11CA3275, 2012-Ohio-1522, ¶ 6.

{¶ 14} R.C. 2935.09 provides:

(A) As used in this section, "reviewing official" means a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate.

* * *

(D) A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. * * *

{¶ 15} The Supreme Court has consistently held that " 'R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit.' " *Jeffries* at ¶ 7, quoting *State ex rel Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, ¶ 6. R.C. 2935.09 " 'must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed.' " *Id.*

{¶ 16} R.C. 2935.10 provides:

(A) Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for

investigation prior to the issuance of warrant.

(B) If the offense charged is a misdemeanor or violation of a municipal ordinance, such judge, clerk, or magistrate may:

(1) Issue a warrant for the arrest of such person, directed to any officer named in section 2935.03 of the Revised Code but in cases of ordinance violation only to a police officer or marshal or deputy marshal of the municipal corporation;

(2) Issue summons, to be served by a peace officer, bailiff, or court constable, commanding the person against whom the affidavit or complaint was filed to appear forthwith, or at a fixed time in the future, before such court or magistrate. Such summons shall be served in the same manner as in civil cases.

* * *

{¶ 17} In *Boylen,* the Supreme Court of Ohio determined that the procedure calling for a probable cause hearing under Crim.R. 4(A) was applicable where affidavits are filed with a valid criminal complaint under Crim.R. 3 and that Crim.R. 4(A) does not apply where only affidavits are filed under R.C. 2935.09. *Jeffries* at ¶ 9, citing *Boylen*, at ¶ 9-10. Where R.C. 2935.10 applies, it affords the reviewing official only two options: 1) issue a warrant or 2) refer the matter to the prosecutor for investigation "if there is a belief that the affidavit lacks a meritorious claim, i.e., probable cause, or was not made in good faith." *Id.* at ¶ 9, quoting *Boylen* at ¶ 7. *See also State v. Slayman*, 5th Dist. Licking No. 08CA70, 2008-Ohio-6713, ¶ 21; *State v. Boylen*, 5th Dist. Stark No. 2005CA00164, 2006-Ohio-2030, ¶ 21.

{¶ 18} In *Jeffries*, complainant Brown filed an affidavit under R.C. 2935.09 with the Ross County Court of Common Pleas seeking the issuance of criminal warrants against several prison officials for committing felonies and misdemeanor crimes against him. *Id.* at ¶ 2. The trial court found Brown's affidavit was " 'not meritorious,' " i.e. it did not constitute probable cause to believe any of the named prison officials had committed criminal acts. *Id.* The court denied the request for issuance of warrants, without holding a hearing or referring the matter for investigation by the prosecutor. *Id.* The Fourth District held that "R.C. 2935.10 does not provide the trial court with the third option of summarily dismissing the matter," and it reversed and remanded the matter "with instructions to refer the matter to the prosecuting attorney for investigation." *Id.* at ¶ 10.

{¶ 19} Similarly, in *In re Groves*, 2016-Ohio-4793, 68 N.E.3d 122 (4th Dist.), the complainant-appellant had filed an affidavit pursuant to R.C. 2935.09 alleging that a former deputy and a special prosecutor had engaged in criminal conduct, and that the State was required to file felony charges against them. *Id.* at ¶ 3. The trial court held that (1) the claims against the deputy were barred by res judicata, and (2) the claims against the prosecutor were barred by sovereign immunity; it dismissed the matter. *Id.* On appeal, the Fourth District determined:

> While the doctrines of res judicata and governmental immunity may have application to the underlying facts, procedurally the reviewing official did not have * * * a third option to dismiss Appellant's affidavit. The Supreme Court of Ohio and this Court have clearly set forth the required procedure under R.C. 2935.10. Based on the authority of *Boylen* [and] *Brown, supra*, we find the trial court should have referred the matter to the prosecuting

attorney for further investigation. We sustain Appellant's assignments of error, reverse the judgment of the trial court, and remand for proceedings consistent with this opinion.

*Id.* at ¶ 10.

**{¶ 20}** In *Nusbaum,* 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, the Supreme Court of Ohio noted that, once a judge refers a matter to the prosecutor for an investigation, the judge's duty under R.C. 2935.10 is "extinguished." The statute does not contemplate a judge's subsequent review of the prosecutor's investigation or decision whether to prosecute, and it does not require a judge to issue a final order of dismissal if a prosecutor decides not to prosecute. *Id.* at ¶ 13.

**{¶ 21}** While, in *Dominguez,* the Supreme Court of Ohio determined that the clerk had no duty to file the affidavit because the affidavit established that the charges were barred by the statute of limitations, Burns' affidavit reached the "reviewing official," namely the trial court, for review. At that point, the court's obligation was clear: "to **either** issue a warrant for the arrest of the person charged in the affidavit **or** refer the matter to the prosecuting attorney." (Emphasis sic.) *Groves* at ¶ 9.

**{¶ 22}** Since the trial court did not have the option of summarily dismissing the matter, Burns' assignment of error is sustained. We hereby reverse the trial court's judgment and remand this matter to the trial court for it to follow the procedure set forth in R.C. 2935.10.

. . . . . . . . . . . .

FROELICH, J., concurs:

{¶ 23} I concur and write only to say that I do not disagree with those parts of the dissent that find that Burns' affidavit does not name a specific person, that he did not have sufficient knowledge of the relevant facts, that his accusation was beyond the statute of limitations, and that the filing of his affidavit appears to have been an improper attempt to challenge his conviction and sentence.   All these conclusions support a finding that the affidavit was not filed in good faith and that the claim was not meritorious; therefore, the court, as provided for by the first sentence of R.C. 2935.10(A), should not have issued a warrant. However, the second sentence mandates that in just such a situation (i.e., "otherwise"), the court "shall forthwith refer the matter…" for investigation.

{¶ 24} I also do not disagree that the factually and legally specious nature of the affidavit demonstrates that a referral for investigation will not result in an investigation, let alone any charges.

{¶ 25} It is true that an extraordinary writ shall not issue to compel a vain act and that, similarly, the trial court's referral and our remand may appear to be a mere formality. However, a vain act is defined in the context of lack of authority to grant relief and not in the sense of lack of probability that the application for relief will be granted. *See, e.g.*, *Nemazee v. Mt. Sinai Medical Center,* 56 Ohio St.3d. 109, 115, 564 N.E.2d 477 (1990).

{¶ 26} Here, the prosecutor has the authority to investigate, regardless of the willingness to investigate or the lack of probability of the filing of charges – for all the reasons the dissent lists. The trial court was nonetheless restricted by the unambiguous statutory language.


HALL, J., dissents:

{¶ 27} In my opinion, the trial court was correct to dismiss Burns' "Affidavit by Accusation" for four reasons: (1) it was facially insufficient to be an R.C. 2935.09 charging instrument in that it did not contain a "person named in the complaint"; (2) it was insufficient because Burns undoubtedly did not have "knowledge of the facts" when he asserted that the prosecutor was responsible for a "false" presentence investigation report; (3) it was insufficient because Burns claims the criminal acts alleged in his affidavit occurred "on or about the 23 Day of September 1988" – 30 years ago and 24 years after expiration of any conceivable statute of limitations; and (4) because Burns' filing was in fact no more than an attempted collateral attack on his sentence, and he should not be allowed to make that collateral attack under the guise of R.C. 2935.09 when he is otherwise estopped from challenging his sentence.

### History

On February 8, 1988, Appellant David Burns, Joe McDonald and three other youths, ranging in age from thirteen to fifteen, went to the apartment of Antonio "Pooh" Cooley, a twelve year old boy. Cooley lived alone with his father who was not home at the time. While at the apartment, *Burns and McDonald beat Cooley*, sprayed him with insecticide, forced him to drink lighter fluid, and finally suffocated the youth by placing a plastic bag over his head.

(Emphasis added.) *Burns*, 2d Dist. Montgomery No. 11216, 1990 WL 80571, at *1 (*Burns I*). We further described the murder:

Once inside the apartment, Burns and McDonald began pushing and hitting Cooley. The pair forced Cooley into his father's bedroom where *they*

*proceeded to beat him about the head and neck.* Cooley pleaded with the pair, "Don't hurt me. I'll do anything." (T. 227). Burns and McDonald then sprayed Cooley in the face with an insecticide and forced him to drink a can of lighter fluid. Finally, the pair placed a plastic bag over Cooley's head and watched him suffocate.

(Emphasis added.) *Id.*

Dr. Donald Schaffer, Chief Deputy, Montgomery County Coroner's Office, performed an autopsy on Cooley's body. *Schaffer noted that Cooley had been beaten.*

(Emphasis added.) *Id.* at *3.

**{¶ 28}** In his direct appeal, Burns never raised an issue that the presentence investigation was incorrect in stating that the victim had been beaten. Likewise, he never raised a "false" presentence investigation issue in an appeal from the denial of a 2003 motion to modify his sentences. *State v. Burns*, 2d Dist. Montgomery No. 19931, 2004-Ohio-80, (*Burns II*). Nor did he raise the issue in his appeal from the denial of a 2016 motion to vacate his sentence. *State v. Burns*, 2d Dist. Montgomery No. 27374, 2018-Ohio-1419, (*Burns III*).

**Burns' "Affidavit by Accusation" is facially insufficient**

**{¶ 29}** R.C. 2935.10 provides that if an R.C. 2935.09 affidavit "charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the *person* charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney." (Emphasis

added.) Here, Burns fails to identify a "person" who he attempts to charge with a criminal act. He merely states: " * * * [T]he Montgomery County Prosecutor committed the crime of fraud * * * as the defendant [prosecutor] * * * knowingly and with malicious, wanton intent used a false pre-sentence investigative report in order to corrupt an official proceeding." (Aff. at P. 2). Burns claims this occurred on "the 23rd day of September 1988."[2] (*Id.* at 3).

{¶ 30} The simplest way to demonstrate the facial inadequacy of Burns' filing is to ask this question: If Burns' "affidavit" were adequate to charge a crime and the court determined to "forthwith issue a warrant for the arrest of the person named in the complaint," R.C. 2935.10, whose name would go on the warrant and who would be arrested? The "Montgomery County Prosecutor" is simply not specific enough to be a "person named" in the affidavit. Does Burns' cryptic reference mean the current elected Montgomery County prosecutor, who has been in office from the middle of 1992 until the present, or the elected prosecutor at the time of sentencing who had been in office from 1965 until the middle of 1992, or the assistant prosecutor who appeared in court and committed the alleged offense at Burns' sentencing on September 23, 2008, or the assistant prosecutor who handled Burns' direct appeal in 1990 where this court determined that he "beat" his victim? No one knows. Therefore, the charging instrument Burns has filed is facially insufficient to charge a person with a crime and was properly dismissed by the trial court.

{¶ 31} I agree that several of the cases cited in the majority opinion state that, when an R.C. 2935.09 affidavit is filed, the reviewing official has two choices: issue a

---

[2] This was the date of his sentencing hearing. *Burns III* at ¶ 2.

warrant or refer the matter to the prosecutor. But *not one* of those cases deals with the issue of what the court is to do when the charging instrument fails to identify the person to be charged with a crime or is otherwise facially inadequate. The cases all either expressed or assumed that a *person*, a defendant, was named in the respective affidavits, and that person was the one accused of a crime.

{¶ 32} In *Jeffries*, 4th Dist. Ross No. 11CA3275, 2012-Ohio-1522, "[w]hile incarcerated in Ross Correctional Institute, Steven Brown filed an affidavit with the Ross County Court of Common Pleas seeking the issuance of criminal warrants under R.C. 2935.09 against several prison officials for committing both felonies and misdemeanor crimes against him." *Id.* at ¶ 2. The trial court referred to the prospective defendants as "*named prison officials.*" (Emphasis added) *Id.* Similarly, in *Mbodji,* 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, Mbodji, the appellant, was charged with a misdemeanor offense of domestic violence of the first degree. "His wife, * * *, filed an affidavit and complaint with the clerk of courts for the Hamilton County Municipal Court. The complaint included a statement of the essential facts of the crime alleged as well as the numerical designation of the statute violated." *Id.* at ¶ 2.   In *Boylen*, 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, Boylen had been convicted in 1999 convicted of 17 counts of aggravated robbery and one count of grand theft of a motor vehicle. *Id.* at ¶ 2. "In March 2005, Boylen drafted and attempted to file seven affidavits with appellees, the clerk and assistant clerk of the Canton Municipal Court (collectively, 'clerk'). In the affidavits, Boylen charged various persons, including law enforcement officers, with various crimes. The clerk refused to file the affidavits." *Id.* at ¶ 3. The case does not contain further information about the specificity of the "persons" named in the affidavits.

In *Groves,* 2016-Ohio-4793, 68 N.E.3d 122, "[t]he affidavit specifically alleged that Kevin Groves, a former Hocking County sheriff's deputy, and C. David Warren, a Hocking County special prosecutor, had engaged in criminal conduct." *Id.* at ¶ 3. And, finally, in *Nusbaum,* 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, the opinion does not contain specific information about the personalization of the charging affidavits. "In September 2014, Brown filed a demand and a supporting affidavit in the Ross County Common Pleas Court under R.C. 2935.09. He sought the issuance of criminal warrants against numerous employees of Aramark Correctional Services, Inc., the Ohio Department of Rehabilitation and Correction, and the Ohio attorney general. * * *" *Id.* at ¶ 2.

{¶ 33} This leads to my reasoning about what a court is to do when the "private citizen having knowledge of the facts * * * seeks to cause an arrest or prosecution under this section [by filing an 'affidavit'] charging the offense committed," R.C. 2935.09, for the arrest or prosecution of the "person named in the affidavit," R.C. 2935.10, but the filing is facially inadequate to constitute a charging instrument under the statute. Surely, if a citizen files a paper stating, "R.C. 2935.09 charging affidavit," without stating the underlying facts or the crime alleged, or without signature or a notary jurat, no court should be required to issue a warrant or forward the matter to the prosecutor. The filing simply is insufficient and should be dismissed or ignored. So the question is what is required for a court to act on an R.C. 2935.09 affidavit? In my opinion, the filing first must comply with the statute. It must indicate that the affiant has "knowledge of the facts." It should contain "the essential facts of the crime alleged as well as the numerical designation of the statute violated." *Mbodji* at ¶ 2. It sufficiently must indicate the offense charged for one to

determine whether it is a felony or misdemeanor (which are handled differently), and it must indicate "the person charged in the affidavit." R.C. 2935.10. In my opinion, when a purported R.C. 2935.09 affidavit is facially inadequate under the statute it should be dismissed as inadequate, which the trial court here correctly did.

**Burns' filing demonstrates he does not have knowledge of the facts**

{¶ 34} An R.C. 2935.09 affidavit should indicate that the affiant has knowledge of the facts and recite enough of those facts to sufficiently support the accusation. Obviously, we expect Burns was present at his September 23, 1988 sentencing. But his assertion that the prosecutor relied on a "false" presentence investigation report is a misconstruction of the evidence and decided facts. The deputy coroner testified that Burns' victim was beaten, and we concluded Burns beat his victim. *Burns I* at *1. Burns' filing is an attempt to change the facts that were demonstrated at his trial 30 years ago and set in stone by our 1990 decision. It is apparent he does not have knowledge of the facts or attempts to misconstrue them.

{¶ 35} Even if one would assume that the presentence report was falsely prepared, a proposition contrary to the evident facts, presentence investigations are not prepared by the prosecutor, accurately or otherwise. Perhaps the existence of a "false" report could support an accusation against whoever in the probation department would have prepared the report. But Burns' accusation that the prosecutor used a "false" presentence report, when the decided facts demonstrate Burns did beat his victim, itself demonstrates Burns does not have knowledge of the facts, misconstrues the decided facts, and attempts to change the facts. If someone files an R.C. 2935.09 accusation factually stating that the sun rises in the west, we would have no difficulty dismissing it.

Likewise, because Burns shows he does not have "knowledge of the facts," his accusation is facially insufficient and was properly dismissed.

**Burns' 30-year-old accusation is beyond any limitation period**

{¶ 36} I do not agree with my colleagues that *Dominquez*, 129 Ohio St.3d 203, 2011-Ohio-3091, 951 N.E.2d 77, should be distinguished simply because Burns' "Accusation by Affidavit" had been filed by the clerk and was before the trial court when the *Dominguez* affidavit had not even been filed by the clerk. In that mandamus case, the Supreme Court said:

> For Dominguez's affidavit, the clerk also had no duty to file it because it established that the claimed perjury charges occurred in 1995, which was outside the six-year statute of limitations in R.C. 2901.13(A)(1)(a) to commence prosecution of the claimed felony offenses. Therefore, because a writ of mandamus to compel the clerk to file the affidavit would not have resulted in the issuance of an arrest warrant or prosecution of the claimed offenses, "mandamus will not issue to compel a vain act." [*State ex rel.*] *Strothers* [*v. Turner*, 79 Ohio St.3d 272, 680 N.E.2d 1238 (1997)] at 274.

*Dominguez* at ¶ 3.

{¶ 37} Here, Burns' accusation is about something that occurred more than 30 years ago at his sentencing. If his misconstruction of the facts were correct, the offenses occurred in his presence at his sentencing under circumstances where he would have been aware that the prosecutor "obstructed justice," "obstruct[ed] official business," or "interfer[ed] with civil rights." At that time, the statute of limitations for a felony was still six years. R.C. 2901.13(A). There is no conceivable reason why that limitation could be

extended, so Burns is 24 years late. If, as in *Dominguez*, it would be a vain act for a clerk to even file an R.C. 2935.09 accusation that is wildly beyond the applicable statute of limitations because it "would not have resulted in the issuance of an arrest warrant or prosecution of the claimed offenses," it would be no less of a vain act for the trial court here to proceed either to issue a warrant for an unnamed person or to forward the deficient accusation to the prosecutor, because no warrant or prosecution would ever result. We likewise should not participate in ordering the trial court to engage in a vain act, and we should not commit our own vain act by doing so.

**Burns misuses R.C. 2935.09 as a collateral attack on his conviction and sentence**

{¶ 38} Burns' filing is something different from a charging affidavit. The essence of what Burns is complaining about is that "[a] false pre-sentence investigative report * * * not only caused complaintant['s] [sic] sentence to be enhanced, but also everything about his incarceration to be misjudged." (Affidavit by Accusation at p. 3). He claims that the testimony of a State's expert, for which he attaches two transcript pages, refutes the assertion that the victim of the offense was beaten "yet the prosecutor insisted that the victim was [beaten] in a falsely made [presentence] report, which is now being used by this institution [prison authorities] when it comes to complaintant's [sic] ability to get into programs, and get released." (*Id.* at 4). The true nature and purpose of his pleading is found in a request for relief: "Complaintant [sic] demands that such false information now be corrected in the best interest of justice, and to protect complaintant's [sic] civil and constitutional rights against cruel and unusual punishment, as well as due process and equal protection concerns." (*Id.* at p. 3). Moreover, the filing contains legal argument, has a certificate of service representing mailing to the "Montgomery County Prosecutor's

Office," and has attachments: a copy of our decision in his direct appeal and two pages which appear to be part of a trial transcript.

{¶ 39} In my opinion, Burns' filing was a twisted misuse of the important statutory right of a private citizen to initiate criminal action under R.C. 2935.09. Burns' filing was, and should be treated as, a collateral attack upon his conviction and sentence, and upon our recitation in his direct appeal that he "beat" his victim before suffocating him. This was not a situation where the trial court incorrectly evaluated whether there was probable cause shown in an R.C. 2935.09 charging affidavit, or where the court dismissed such an affidavit because the court simply disagreed with an offense charged in a statutory R.C. 2935.09 filing. Here, Burns' demand for relief, that the false information be corrected, demonstrated his slick but misguided misuse of the statute as a collateral attack on his sentence.   As such, it properly was dismissed.

{¶ 40} Finally, Burns is collaterally estopped from claiming that he did not "beat" his victim before murdering him. Our opinion in 1990, *Burns I*, indicated on three occasions that Burns had beaten his victim. Burns did not challenge our recitations through a timely appeal of that opinion.[3] He failed to raise an issue about a "false" presentence investigation report in either of his other two appeals. He must not be permitted to challenge the decided facts now.

## Conclusion

{¶ 41} It surely would have taken a lot less effort to concur in judgment, recognizing that Burns' accusation is going nowhere and unquestionably will die on the

---

[3] Almost eight years late, on March 30, 1998, Burns filed a motion for a delayed appeal in the Ohio Supreme Court. *State v. Burns*, 82 Ohio St.3d 1414, 694 N.E.2d 76 (1998). That motion was denied and the attempted appeal was dismissed on May 20, 1998.

vine. But his attempted accusation was deficient, misconstrued the decided facts, was too late, was a misuse of an important statutory right, and, quite frankly, was frivolous. Failing to recognize these concerns will not change this case whatsoever. But failing to address the inadequacies of his filing may encourage misuse of R.C. 2935.09 if we do not recognize Burns' filing for what it was.

{¶ 42} I would affirm the judgment of the trial court and also decline to order a vain act.

{¶ 43} Therefore, I dissent.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
David D. Burns
Hon. Richard Skelton