[Cite as *Hillman v. O'Shaughnessy*, 2017-Ohio-489.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Robert L. Hillman,                                   :

      Plaintiff-Appellant,                  :                No. 16AP-571
                                                                        (C.P.C. No. 16MS-365)
v.                                                   :
                                                                     (ACCELERATED CALENDAR)
Maryellen O'Shaughnessy,                             :
Franklin County Clerk of Courts,
                                                     :
      Defendant-Appellee.
                                                     :

---

D E C I S I O N

Rendered on February 9, 2017

---

**On brief:** *Robert L. Hillman*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Plaintiff-appellant, Robert L. Hillman, appeals from a judgment of the Franklin County Court of Common Pleas addressing his affidavit filed pursuant to R.C. 2935.09 and 2935.10. For the following reasons, we affirm.

## I. Factual and Procedural Background

{¶ 2} On July 8, 2016, Hillman, an inmate at the Chillicothe Correctional Institution, filed an affidavit pursuant to R.C. 2935.09 and 2935.10 accusing defendant-appellee, Maryellen O'Shaughnessy, Franklin County Clerk of Courts ("Clerk of Courts"), of committing multiple felonies. Specifically, he alleged the Clerk of Courts intentionally "misfiled" a previous affidavit in which Hillman accused a Columbus police officer of committing perjury during Hillman's criminal trial. (Hillman Aff. at 2.) On July 14, 2016, the trial court concluded that Hillman's allegations of criminal activity by the Clerk of

Courts have no legal merit, and it therefore declined to issue a warrant for her arrest. Instead, the trial court referred the matter to the prosecuting attorney for investigation.

{¶ 3}   Hillman timely appeals.

## II.  Assignments of Error

{¶ 4}   Hillman assigns the following errors for our review:

> [1.] The trial court judge committed an act of fraud, and plain and prejudicial error when it denied appellant procedural due process, and ruled upon a lack of probable cause contained in his affidavit prior to submitting the affidavit to the prosecuting attorney for investigation in accordance with R.C. 2935.09 and R.C. 2935.10 eliminating the prosecutors function.
>
> [2.] The trial court denied the appellant due process and equal protection of law under the 1st, 5th and 14th Amendments to the United States Constitutions when the trial courts ruling/conclusions were contrary to its findings written in its opinion.

## III.  Discussion

{¶ 5}   Because they involve related issues, we address Hillman's first and second assignments of error together.  In his first assignment of error, Hillman asserts the trial court's disposition of his accusation by affidavit did not comply with R.C. 2935.09 and 2935.10.  Hillman's second assignment of error alleges the trial court's disposition of his affidavit violated his constitutional rights because the disposition was contrary to the court's findings.  These assignments of error lack merit.

{¶ 6}   Pursuant to R.C. 2935.09(D), a private citizen may file with a "reviewing official" an affidavit alleging a criminal offense.  For the purpose of R.C. 2935.09, a "reviewing official" is a "judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate."  R.C. 2935.09.  When such an accusatory affidavit is filed, R.C. 2935.10 governs the procedure to be followed.  *See State ex rel. Dominguez v. State*, 129 Ohio St.3d 203, 2011-Ohio-3091, ¶ 2 (R.C. 2935.09 "must be read *in pari materia* with R.C. 2935.10").  R.C. 2935.10(A) states:

> Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.

Thus, a judge reviewing an accusation by affidavit is only permitted to take one of two actions: (1) issue a warrant, or (2) refer the matter to the prosecutor for investigation if the judge has reason to believe that the affidavit lacks a meritorious claim, i.e. probable cause, or was not made in good faith. *Hillman v. Larrison*, 10th Dist. No. 15AP-730, 2016-Ohio-666, ¶ 14, citing *State ex rel. Brown v. Jeffries*, 4th Dist. No. 11CA3275, 2012-Ohio-1522.

{¶ 7} We review a judge's decision not to issue a warrant based on an accusation by affidavit filed pursuant to R.C. 2935.09 and 2935.10 under the abuse of discretion standard. *In re Slayman*, 5th Dist. No. 08CA70, 2008-Ohio-6713, ¶ 19. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8} Here, the judge who reviewed Hillman's July 8, 2016 affidavit concluded that the affidavit lacks a meritorious claim. Thus, he did not issue a warrant and referred the matter to the county prosecutor for investigation. Hillman argues that the trial court erred because his affidavit established probable cause to believe the Clerk of Courts engaged in felonious conduct, and that, even if it did not establish probable cause, the trial court judge should have held a probable cause hearing to gather information prior to deciding not to issue a warrant. Hillman's arguments are unpersuasive.

{¶ 9} According to Hillman, he was denied due process because he was not granted a hearing. Under R.C. 2935.10, however, a judge has only two options in connection with his or her review of an accusation by affidavit: He or she may issue a warrant based on the affidavit or refer the matter to the prosecutor for investigation.

*Larrison.* Therefore, we reject Hillman's argument that the trial court erred by not holding a probable cause hearing regarding his allegations.

{¶ 10} Additionally, we find that the trial court did not abuse its discretion in finding that Hillman's July 8, 2016 affidavit lacks a meritorious claim. That affidavit alleged the Clerk of Courts, in an attempt to hinder Hillman's access to justice, violated multiple criminal statutes by intentionally "misfiling" as a civil case his affidavit regarding police officer perjury. Specifically, Hillman alleged the Clerk of Courts committed the following felonious acts: attempted to intimidate him in a criminal case, in violation of R.C. 2921.04; tampered with evidence, in violation of R.C. 2921.12; obstructed justice, in violation of R.C. 2921.32; and obstructed official business, in violation of R.C. 2921.31. The trial court determined that, considering Hillman's factual allegations and the nature of the Clerk of Courts' duties, his claim of criminal conduct lacks legal merit. We agree.

{¶ 11} Hillman suggests that the Clerk of Courts conspired to protect the police officer from Hillman's perjury accusations by "misfiling" his accusation by affidavit as a civil case and not as a miscellaneous or criminal case. He asserts that the misfiling resulted in court fees being improperly assessed against him. However, a "clerk of courts is a ministerial officer, one who performs a fixed and designated function that involves no exercise of discretion." *State v. Wilson*, 102 Ohio App.3d 467, 471 (2d Dist.1995); *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 34 ("A clerk of courts has no discretion."). He or she functions as an arm of the court, performing such duties as retaining custody of the court's records, filing the court's papers, and collecting costs. *Wilson*; *Lingo*; *State ex rel. McKean v. Graves*, 91 Ohio St. 23, 24 (1914). "The clerk is not a judicial officer, and cannot perform judicial duties or act in exercise of the judicial power." *Wilson* at 472. Thus, while a clerk may collect costs, only a court may assess costs. *Lingo*.

{¶ 12} Furthermore, neither R.C. 2935.09 nor 2935.10 mandates a certain initial case designation when an accusation by affidavit is filed. While R.C. 2935.09 and 2935.10 set forth the basic mechanism for such an affidavit to reach a reviewing official for disposition, they do not detail any requirements regarding how the matter is otherwise designated. Nor has Hillman shown that the assignment of a civil case number to his affidavit was in contravention of a clear directive from the trial court. Regardless of how the matter was designated, the Clerk of Courts took the necessary steps to ensure that

Hillman's affidavit accusing the police officer of perjury was submitted to a judge for review, as required by R.C. 2935.09 and 2935.10.  Thus, the reviewing judge had reason to believe that Hillman's accusation against the Clerk of Courts lacked merit.

{¶ 13}  The trial court did not abuse its discretion deciding to refer the matter to a prosecutor for investigation instead of issuing a warrant based on Hillman's accusation by affidavit.  Therefore, we overrule Hillman's first and second assignments of error.

## IV.  Disposition

{¶ 14}  Having overruled Hillman's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, LUPER SCHUSTER, and BRUNNER, JJ.