[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Whittaker v. Lucas Cty. Prosecutor's Office*, Slip Opinion No. 2021-Ohio-1241.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1241

THE STATE EX REL. WHITTAKER, APPELLANT, *v.* LUCAS COUNTY PROSECUTOR'S OFFICE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Whittaker v. Lucas Cty. Prosecutor's Office*, Slip Opinion No. 2021-Ohio-1241.]

*Mandamus—R.C. 2935.09—Citizen affidavits—Appellant lacks clear legal right to prosecution of felonious-assault charges—Court of appeals' grant of summary judgment in favor of prosecutor affirmed.*

(No. 2020-1127—Submitted January 26, 2021—Decided April 14, 2021.)

APPEAL from the Court of Appeals for Lucas County, No. L-19-1287.

_____

**Per Curiam.**

{¶ 1} Appellant, Michael Whittaker, appeals the Sixth District Court of Appeals' judgment denying his complaint for a writ of mandamus to compel appellee, the Lucas County Prosecutor's Office, to bring felonious-assault charges against Courtnie Lykans and Ronald Collins Jr. for injuries that Whittaker's infant

daughter sustained while she was in their care. For the reasons explained below, we affirm the court of appeals' grant of summary judgment in favor of the prosecutor.

**Background**

{¶ 2} Whittaker asserts that on July 15, 2018, his infant daughter sustained life-threatening injuries while she was temporarily in the care of Lykans and Collins. Lykans and Collins were indicted on third-degree felony counts of child endangering later that month.

{¶ 3} R.C. 2935.09(D) authorizes a citizen with knowledge of the facts to file with a reviewing official an affidavit alleging a criminal offense. That official is charged with reviewing the affidavit to determine whether a complaint should be filed. Whittaker asserts that before Lykans and Collins entered their pleas, he mailed to the Lucas County Clerk of Courts a "[c]riminal [c]omplaint and [a]ffidavit" accusing them of felonious assault. The clerk did not file a complaint but sent the documents to the prosecutor's office.

{¶ 4} In February 2019, Lykans pleaded no contest to third-degree-felony child endangering. In March 2019, Collins pleaded no contest to an amended fourth-degree felony charge of attempted child endangering.

{¶ 5} On April 25, 2019, the prosecutor's office sent Whittaker a letter stating that felony offenses can be prosecuted only by indictment and that Lykans and Collins had already been prosecuted in accordance with the evidence, had entered pleas, and had been found guilty and sentenced.

{¶ 6} On December 10, 2019, Whittaker filed a complaint for a writ of mandamus in the court of appeals, asking the court to order the prosecutor's office to file felonious-assault charges against Lykans and Collins.

{¶ 7} In April 2020, Whittaker filed a motion for summary judgment. The prosecutor opposed the motion and, citing the absence of any evidence showing an abuse of prosecutorial discretion, urged the court of appeals to grant summary

judgment in her favor. The court of appeals granted summary judgment in favor of the prosecutor, and Whittaker appealed as of right.

**Analysis**

{¶ 8} This court reviews a decision granting summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. Pursuant to Civ.R. 56(C), summary judgment is appropriate only when it is clear "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *accord* Civ.R. 56(C).

{¶ 9} To be entitled to a writ of mandamus, Whittaker must establish a clear legal right to the requested relief, a clear legal duty on the part of the respondent to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Whittaker must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 10} R.C. 2935.09 allows a private citizen to file an affidavit alleging a criminal offense, but it does not require the prosecutor to prosecute all offenses alleged by a private citizen. Rather, upon receiving a citizen affidavit, the clerk must either issue a warrant for the alleged offender's arrest or refer the matter to the prosecuting attorney for investigation. R.C. 2935.10(A); *State ex rel. Strothers v. Turner*, 79 Ohio St.3d 272, 273, 680 N.E.2d 1238 (1997). In this case, the clerk referred Whittaker's affidavit to the prosecutor's office, and upon review, the prosecutor decided that additional charges were not warranted.

{¶ 11} The decision whether to pursue criminal charges is ultimately vested in the state, not with a private citizen. *Brown v. Best Prods., Inc.*, 18 Ohio St.3d 32, 35, 479 N.E.2d 852 (1985). Moreover, this court has held that R.C. 2935.09 does not require prosecution of all offenses alleged in a citizen affidavit. *State ex rel. Evans v. Columbus Dept. of Law*, 83 Ohio St.3d 174, 175, 699 N.E.2d 60 (1998). Therefore, Whittaker has no clear legal right to prosecution of felonious-assault charges. On the contrary, a prosecutor has broad discretion in deciding whether to file particular charges. *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 661 N.E.2d 180 (1996) ("the decision whether to prosecute is discretionary, and not generally subject to judicial review"). And a prosecutor will be compelled to prosecute only when the failure to prosecute "constitutes an abuse of discretion." *State ex rel. Squire v. Taft*, 69 Ohio St.3d 365, 368, 632 N.E.2d 883 (1994).

{¶ 12} Here, Whittaker submitted several documents to the clerk, including medical records, an affidavit stating his knowledge of the facts, and a letter from his attorney notifying him that the child's injuries were determined to have been caused by "non-accidental trauma." The attorney's letter also informed Whittaker that a juvenile court had adjudicated the child abused and neglected while in the care of Lykans and Collins. But as the court of appeals noted, Whittaker "did not submit any evidence that the child's injuries were caused by [Lykans or Collins] or that there was new evidence unknown to the prosecution at the time these individuals were prosecuted."

{¶ 13} Based on the available evidence, the grand jury had already indicted Lykans and Collins on single felony counts of child endangering at the time Whittaker submitted his affidavit. According to the prosecutor's briefs to the court of appeals and this court, although she believed that Lykans caused the child's injuries, she had no direct evidence to support that belief and Whittaker offered no new evidence on that issue. We have recognized that a prosecutor has

the discretion to determine whether he can "prove the alleged offense beyond a reasonable doubt with the evidence provided." *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶ 19.

{¶ 14} On these facts, the court of appeals correctly determined that Whittaker cannot establish that he has a clear legal right to the requested relief or that the prosecutor has a clear legal duty to provide the requested relief. Therefore, the court was correct to grant summary judgment in the prosecutor's favor. We affirm.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Michael Whittaker, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for appellee.

_____