[Cite as *Helms v. Diefendorf*, 2023-Ohio-911.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOEL HELMS

    Appellant

    v.

BETH DIEFENDORF

    Appellee

C.A. No.    30064

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    MS 2021 00 0015

DECISION AND JOURNAL ENTRY

Dated: March 22, 2023

SUTTON, Presiding Judge.

**{¶1}** Plaintiff-Appellant, Joel Helms appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background**

**{¶2}** In April 2021, Mr. Helms filed citizen affidavits in the trial court against two employees of the City of Akron. In so doing, Mr. Helms requested the trial court issue arrest warrants, pursuant to R.C. 2935.09, for grand theft and aggravated theft, which are both felonies, against Beth Diefendorf and Duane Groeger respectively. Mr. Helms based his allegations of theft upon the City of Akron's condemnation of certain real properties owned by John Helms and Thomas Lavery Jr. A trial court magistrate, pursuant to R.C. 2935.10, referred the matter to the Summit County Prosecutor for investigation. Further, the magistrate found "the affidavits lack a meritorious claim and were not made in good faith." Mr. Helms filed a timely objection to the

magistrate's decision arguing the trial court "should immediately issue warrant[s] and protect victims," because the magistrate lacked a "statutory [reason] to defer[.]"

{¶3} The trial court, in adopting the magistrate's decision, stated:

This [c]ourt finds [Mr. Helms'] affidavit fails to set forth sufficient allegations to support a charge of theft against [Ms. Diefendorf] pursuant to [R.C. 2935.09]. In addition, the [c]ourt finds [Mr. Helms] appears to be challenging the constitutionality and /or legal process of condemnation, and [R.C. 2935.09] is not the proper method for such challenges or to seek redress where there is an established appeal process for such actions. Therefore, this [c]ourt finds there is sufficient evidence to support the [m]agistrate's determination that the affidavit lacks a meritorious claim and it was not made in good faith.[1]

{¶4} Mr. Helms now appeals raising three assignments of error for our review. To better facilitate our review and analysis, we reorder and group certain assignments of error.

II.

**ASSIGNMENT OF ERROR I**

**THE REVIEWING OFFICIAL MUST INDICT UNLESS [THE] AFFIDAVIT IS NOT COMPLETE AS TO [THE] ELEMENTS OF [THE] CRIME. IF INCOMPLETE, THE AFFIDAVIT MUST BE TRANSFERRED TO [THE] PROSECUTOR FOR FURTHER RESEARCH AND DISPOSITION. [THE] 25TH JUNE ORDER [] STATES ALLEGATIONS FAIL SUFFICIENCY TEST BUT FAILS TO SAY WHAT ELEMENTS OF CRIME ARE MISSING.**

**ASSIGNMENT OF ERROR III**

**THE SOURCE OF AFFIDAVIT, GENERAL CONTRACTOR, NOT OWNER, HAS KNOWLEDGE OF NO OTHER MEANS IN LAW TO PROTECT FROM GOVERNMENTAL ACTIONS AGAINST VICTIMS THAT THE ALLEGED DEFENDANTS HAD INFORMATIONAL RESOURCE TO KNOW WERE NOT SANCTIONED IN LAW[.]**

{¶5} In his first and third assignments of error, Mr. Helms asserts the trial court erred, pursuant to R.C. 2935.09 and R.C. 2935.10, in referring this matter to the Summit County

---

[1] The trial court did not address the citizen affidavit filed against Mr. Groeger due to deficient service of process.

prosecuting attorney for further investigation prior to issuing an arrest warrant. For the following reasons, we disagree.

{¶6} A trial court's obligations with regard to citizen affidavits are set forth in R.C. 2935.09 and 2935.10. R.C. 2935.09(D), which authorize a private citizen "who seeks to cause an arrest or prosecution" to "file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney." *State ex rel. Brown v. Nusbaum*, 152 Ohio St. 3d 284, 2017-Ohio-9141, ¶ 12. "We read this section in pari materia with R.C. 2935.10, which 'prescribes the procedure to be followed once a citizen files a criminal complaint' under R.C. 2935.09." *Id.*, quoting *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, ¶ 15. If the citizen affidavit charges a felony, R.C. 2935.10 directs a judge who is reviewing the affidavit to do one of two things: (1) "issue a warrant for the arrest of the person charged in the affidavit" or (2) "refer the matter to the prosecuting attorney * * * for investigation prior to the issuance of [a] warrant" if the judge "has reason to believe that [the affidavit] was not filed in good faith, or the claim is not meritorious." R.C. 2935.10(A); *see State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, ¶ 7.

{¶7} This Court applies an abuse of discretion standard to "a judge's decision not to issue a warrant based on an accusation by affidavit filed pursuant to R.C. 2935.09 and 2935.10." *Hillman v. O'Shaughnessy*, 10th Dist. Franklin No. 16AP-571, 2017-Ohio-489, ¶ 7, citing *In re Slayman*, 5th Dist. Licking No. 08CA70, 2008-Ohio-6713, ¶ 19.

{¶8} The record reveals a trial court magistrate referred Mr. Helms' citizen affidavits to the Summit County prosecuting attorney for further investigation because they lacked a meritorious claim and were not made in good faith. Further, in ruling upon Mr. Helms' objections, the trial court adopted the magistrate's decision as to Ms. Diefendorf and determined Mr. Helms

did not perfect service upon Mr. Groeger. The trial court further explained Mr. Helms' affidavit against Ms. Diefendorf appeared to be challenging the constitutionality and/or legal process of condemnation, which is insufficient to support a citizen affidavit alleging grand theft.

{¶9} Importantly, Mr. Helms does not point this Court to any caselaw, or develop a cogent argument supporting his contention that the trial court erred in referring his citizen affidavit to the Summit County prosecuting attorney for further investigation, where, pursuant to R.C. 2935.10, the trial court determined the affidavit was not filed in good faith and/or did not set forth a meritorious claim. *See* R.C. 2935.10(A). "As this Court has repeatedly held, '[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.'" *In re Guardianship of Jenkins*, 9th Dist. Summit No. 29981, 2022-Ohio-1043, ¶ 10, quoting *King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 50, quoting *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, * 8, (May 6, 1998).

{¶10} Accordingly, Mr. Helms' first and third assignments of error are overruled.

## ASSIGNMENT OF ERROR II

**IT IS NOT THE RESPONSIBILITY OF AFFIANT TO SERVE NOTICE TO ACCUSED AS JUDGE MAKES NOTE IN ORDER FOOTNOTE PG 3.**

{¶11} In his second assignment of error, Mr. Helms contends the trial court erred in refusing to consider the citizen affidavit he filed against Mr. Groeger due to lack of service. For the following reasons, we are not persuaded.

{¶12} The record reveals Mr. Helms filed his initial citizen affidavit against Ms. Diefendorf on April 1, 2021. Mr. Helms also filed instructions for service wherein he instructed the clerk of courts to serve "[a]ny [j]udge or [m]agistrate." Magistrate Kandi O'Connor was served on April 2, 2021, with notice of Mr. Helms' filing. On April 19, 2021, Mr. Helms filed a second citizen affidavit against Mr. Groeger. Mr. Helms did not file instructions for service at this time.

The magistrate issued an order referring the matter to the Summit County prosecuting attorney on April 28, 2021, and also issued notice of the order to Mr. Helms and Ms. Diefendorf. Mr. Groeger did not receive notice of this order. Mr. Helms filed an objection to the magistrate's order and the trial court issued an order stating, in part:

> This [c]ourt notes a second affidavit was filed with reference to "Duane [Groeger] Amended additional defendant." However, the [c]ourt finds the filing of this document is insufficient to add a defendant pursuant to the Ohio Rules of Civil Procedure, nor does the document or the docket reflect service of this affidavit upon either [Ms. Diefendorf] or [Mr. Groeger]. Therefore, [t]his court finds the affidavit is not properly before this [c]ourt and will not be addressed in this decision.

The trial court's order was also served upon Mr. Helms and Ms. Diefendorf, but not upon Mr. Groeger.

{¶13} As indicated above, Mr. Helms does not point this Court to any caselaw, or develop a cogent argument supporting his contention that the trial court erred in disregarding the citizen affidavit filed against Mr. Groeger. *See In re Guardianship of Jenkins* at ¶ 10. Moreover, assuming arguendo the trial court erred in disregarding this affidavit, the matter would have been referred to the Summit County prosecuting attorney, pursuant to R.C. 2935.10, along with the other affidavit, for further investigation. Notably, both affidavits allege felony theft based upon the City of Akron's condemnation of certain properties, which the trial court determined was not a meritorious claim made in good faith.

{¶14} Accordingly, Mr. Helms' second assignment of error is overruled.

III.

{¶15} For the reasons stated above, Mr. Helms' three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

6

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JOEL HELMS, pro se, Appellant.

EVE V. BELFANCE, Director of Law, and JOHN R. YORK and KIRSTEN L. SMITH, Assistant Directors of Law, for Appellee.