[Cite as *In re Accusation by Affidavit to Cause Arrest or Prosecution Pursuant to R.C. 2935.09 & 2935.10*, 2023-Ohio-1430.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: ACCUSATION BY AFFIDAVIT
TO CAUSE ARREST OR PROSECUTION
PURSUANT TO R.C. 2935.09 AND
2935.10

C.A. No.     22CA011892

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     MISC2022

DECISION AND JOURNAL ENTRY

Dated: May 1, 2023

STEVENSON, Judge.

{¶1}    Plaintiff-Appellant, Matthew Thompson, appeals from the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    Mr. Thompson filed a private citizen affidavit in the trial court pursuant to R.C. 2935.09, et seq.  He sought to cause the arrest and prosecution of S.S. on felony charges.  S.S. was the attorney who represented Mr. Thompson's wife during their contentious divorce and custody proceedings.

{¶3}    The trial court reviewed Mr. Thompson's affidavit and issued a judgment entry. The court declined to issue a warrant for S.S.'s arrest because it found Mr. Thompson had not raised a meritorious claim and had not filed his affidavit in good faith.  Pursuant to statute, the court referred the matter to the Lorain County Prosecutor's Office for further investigation. Thereafter, the court denied Mr. Thompson's motion for findings of fact and conclusions of law.

**{¶4}** Mr. Thompson now appeals the trial court's judgment and raises one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

JUDGE EWERS ERRED BY EXERCISING UNAUTHORIZED DISCRETION TO NOT CAUSE THE FILING OF CRIMINAL CHARGES AND TO NOT ISSUE A WARRANT PURSUANT TO THE FELONIES CHARGED IN THOMPSON'S AFFIDAVIT, AS DIRECTED BY R.C. §2935.09 ET SEQ.

**{¶5}** In his sole assignment of error, Mr. Thompson argues the trial court erred when it exercised discretion and declined to arrest and prosecute S.S. According to Mr. Thompson, as a matter of law, the trial court was required to issue an arrest warrant for S.S. upon the filing of his affidavit. We do not agree.

**{¶6}** This Court generally "applies an abuse of discretion standard to 'a judge's decision not to issue a warrant based on an accusation by affidavit filed pursuant to R.C. 2935.09 and 2935.10.'" *Helms v. Diefendorf*, 9th Dist. Summit No. 30064, 2023-Ohio-911, ¶ 7, quoting *Hillman v. O'Shaughnessy*, 10th Dist. Franklin No. 16AP-571, 2017-Ohio-489, ¶ 7. "When the question presented on appeal is strictly one of law, [however,] this Court applies a de novo standard of review." *State v. Prade*, 9th Dist. Summit No. 28193, 2018-Ohio-3551, ¶ 7. "A de novo review requires an independent review of the trial court's decision without any deference to [its] determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

**{¶7}** "R.C. 2935.09(D) authorizes a private citizen 'who seeks to cause an arrest or prosecution' to 'file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney.'" *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, ¶ 12, quoting R.C. 2935.09(D). The statute "does not require prosecution of all offenses alleged in a citizen affidavit." *State ex*

*rel. Whittaker v. Lucas County Prosecutor's Office*, 164 Ohio St.3d 151, 2021-Ohio-1241, ¶ 11.

"R.C. 2935.09 must be read in pari materia with R.C. 2935.10, which prescribes the procedure to be followed once a citizen files [an affidavit]." *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, ¶ 15.

> If the citizen affidavit charges a felony, R.C. 2935.10 directs a judge who is reviewing the affidavit to do one of two things: (1) "issue a warrant for the arrest of the person charged in the affidavit" or (2) "refer the matter to the prosecuting attorney * * * for investigation prior to the issuance of [a] warrant" if the judge "has reason to believe that [the affidavit] was not filed in good faith, or the claim is not meritorious."

*State ex rel. Brown* at ¶ 12, quoting R.C. 2935.10(A). "The decision whether to pursue criminal charges is ultimately vested in the state, not with a private citizen." *State ex rel. Whittaker* at ¶ 11.

{¶8} After Mr. Thompson filed his private citizen affidavit, the trial court considered his affidavit as a "reviewing official." *See* R.C. 2935.09(A). The court found the affidavit "lack[ed] a meritorious claim and was not filed in good faith * * *." Consequently, it referred the matter to the Lorain County Prosecutor's Office for further investigation. *See State ex rel. Brown* at ¶ 12, quoting R.C. 2935.10(A).

{¶9} Mr. Thompson argues the trial court erred by not proceeding with his affidavit and issuing a warrant for the arrest of S.S. According to Mr. Thompson, the plain language of R.C. 2935.09, et seq., makes clear that the prosecution of a felony offense will commence upon the filing of a citizen affidavit. He argues that, once a citizen files a complying affidavit, a prosecution must proceed either upon that affidavit or a complaint prepared by a prosecuting attorney. It is his position that reviewing officials do not have the discretion to simply deny the filing of charges raised by way of a citizen affidavit. Thus, he argues the trial court erred when it refused to issue an arrest warrant for S.S. Because the issue Mr. Thompson raises on appeal is strictly a question

of law, this Court applies a de novo standard and limits its review to that singular issue. *See Prade*, 2018-Ohio-3551, at ¶ 7.

{¶10} By its plain language, R.C. 2935.09(D) allows for the filing of a private citizen affidavit "to determine *if* a complaint should be filed by the prosecuting attorney * * *." (Emphasis added.) Thus, the filing of a criminal complaint is not automatic. The Supreme Court has held that a private citizen does not have a right to prosecution and that the ultimate decision whether to prosecute lies with the State. *State ex rel. Whittaker*, 164 Ohio St.3d 151, 2021-Ohio-1241, at ¶ 11. In amending R.C. 2935.09 in 2006, the General Assembly sought to "limit[] a private citizen's ability to cause the arrest or prosecution of another" by requiring citizen affidavits to "be reviewed by judges, magistrates, or prosecutors * * * before any arrest or prosecution is instituted." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 7. Both the plain language of R.C. 2935.09, et seq., and the case law interpreting that statutory scheme refute Mr. Thompson's argument that the filing of a citizen affidavit automatically triggers a criminal prosecution. Thus, this Court rejects his argument to the contrary.

{¶11} The record reflects the trial court considered Mr. Thompson's affidavit and applied the plain language of R.C. 2035.09, et seq. The court found the affidavit was not filed in good faith and did not set forth a meritorious claim, so it "refer[red] the matter to the prosecuting attorney * * * for investigation prior to the issuance of [a] warrant." R.C. 2935.10(A). Because Mr. Thompson has not shown the trial court committed a legal error by doing so, his assignment of error is overruled.

III.

{¶12} Mr. Thompson's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

MICHAEL A. THOMPSON, pro se, Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.