[Cite as *In re Accusation by Affidavit to Cause Arrest or Prosecution Pursuant to R.C. 2935.09 & 2935.10*, 2023-Ohio-1429.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: ACCUSATION BY AFFIDAVIT
TO CAUSE ARREST OR PROSECUTION
PURSUANT TO R.C.2935.09 AND
2935.10

C.A. No.     22CA011884

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     MISC 2022

DECISION AND JOURNAL ENTRY

Dated: May 1, 2023

STEVENSON, Judge.

{¶1}   Plaintiff-Appellant, Matthew Thompson, appeals from the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}   Mr. Thompson filed a private citizen affidavit in the trial court pursuant to R.C. 2935.09, et seq.  He sought to cause the arrest and prosecution of his wife on felony charges.  His affidavit described their ongoing, contentious divorce proceedings and custody battle for their son.

{¶3}   The trial court reviewed Mr. Thompson's affidavit and issued a judgment entry. The court declined to issue a warrant for the wife's arrest.  Pursuant to statute, the court referred the matter to the Lorain County Prosecutor's Office for further investigation.

{¶4}   Mr. Thompson now appeals the trial court's judgment and raises one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY NOT RECOGNIZING THE "POWER OF ARREST VESTED BY LAW" IN PRIVATE PERSONS, WHICH INCLUDES THE RIGHT TO CAUSE PROSECUTION FOR FELONIES, MISDEMEANORS AND OTHER CRIMES AND THE RIGHT TO CAUSE ARREST FOR FELONIES. THUS, THE COURT MISAPPLIED THE PROCEDURES SET FORTH IN R.C. §2935.09 AND §2935.10 AS AN EXERCISE OF DISCRETIONARY JUDICIAL AUTHORITY RATHER THAN A DUTY TO CARRY OUT THE REQUIRED MINISTERIAL ACTS SET FORTH THEREIN.

{¶5} In his sole assignment of error, Mr. Thompson argues the trial court erred when it refused to issue a warrant for his wife's arrest. He argues the court misapplied R.C. 2935.09, et seq., in that it failed to recognize his right to have his wife arrested and prosecuted. Upon review, we reject Mr. Thompson's argument.

{¶6} This Court generally "applies an abuse of discretion standard to 'a judge's decision not to issue a warrant based on an accusation by affidavit filed pursuant to R.C. 2935.09 and 2935.10.'" *Helms v. Diefendorf*, 9th Dist. Summit No. 30064, 2023-Ohio-911, ¶ 7, quoting *Hillman v. O'Shaughnessy*, 10th Dist. Franklin No. 16AP-571, 2017-Ohio-489, ¶ 7. "When the question presented on appeal is strictly one of law, [however,] this Court applies a de novo standard of review." *State v. Prade*, 9th Dist. Summit No. 28193, 2018-Ohio-3551, ¶ 7. "A de novo review requires an independent review of the trial court's decision without any deference to [its] determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶7} "R.C. 2935.09(D) authorizes a private citizen 'who seeks to cause an arrest or prosecution' to 'file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney.'" *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, ¶ 12, quoting R.C. 2935.09(D). The statute "does not require prosecution of all offenses alleged in a citizen affidavit." *State ex*

*rel. Whittaker v. Lucas County Prosecutor's Office*, 164 Ohio St.3d 151, 2021-Ohio-1241, ¶ 11. "R.C. 2935.09 must be read in pari materia with R.C. 2935.10, which prescribes the procedure to be followed once a citizen files [an affidavit]." *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, ¶ 15.

> If the citizen affidavit charges a felony, R.C. 2935.10 directs a judge who is reviewing the affidavit to do one of two things: (1) "issue a warrant for the arrest of the person charged in the affidavit" or (2) "refer the matter to the prosecuting attorney * * * for investigation prior to the issuance of [a] warrant" if the judge "has reason to believe that [the affidavit] was not filed in good faith, or the claim is not meritorious."

*State ex rel. Brown* at ¶ 12, quoting R.C. 2935.10(A). "The decision whether to pursue criminal charges is ultimately vested in the state, not with a private citizen." *State ex rel. Whittaker* at ¶ 11.

{¶8} After Mr. Thompson filed his private citizen affidavit, the trial court considered his affidavit as a "reviewing official." *See* R.C. 2935.09(A). The court chose not to issue a warrant for the arrest of Mr. Thompson's wife. Instead, upon review of the affidavit, statutes, and relevant case law, the court referred the matter to the Lorain County Prosecutor's Office for further investigation. *See State ex rel. Brown* at ¶ 12, quoting R.C. 2935.10(A).

{¶9} Mr. Thompson argues the trial court erred when it failed to issue a warrant for his wife's arrest. According to Mr. Thompson, a citizen who reasonably believes a felony has been committed has both a common law and statutory right to arrest another citizen for that crime. He points to the plain language of R.C. 2935.04 and 2935.25 as well as a significant number of cases and statutes predating 2006. He argues the trial court offended his right of arrest when it refused to proceed with the prosecution of his wife. According to Mr. Thompson, once a citizen files a complying affidavit under R.C. 2935.09, a prosecution must proceed either upon that affidavit or a complaint prepared by a prosecuting attorney. Because the issue he raises on appeal is strictly a

question of law, this Court applies a de novo standard and limits its review to that singular issue. *See Prade*, 2018-Ohio-3551, at ¶ 7.

**{¶10}** Mr. Thompson spends much of his argument discussing a private citizen's right to conduct a felony arrest. *See* R.C. 2935.04. Yet, the issue on appeal is not whether Mr. Thompson had the authority to conduct a warrantless arrest of his wife. Mr. Thompson filed a private citizen affidavit with the trial court. In doing so, he specifically invoked the citizen affidavit procedure outlined in R.C. 2935.09 and 2935.10. The judgment entry from which he has appealed only concerns the trial court's application of those statutes. Arguments regarding warrantless arrests or the right of a citizen to conduct an arrest fall outside the scope of this appeal, and this Court declines to address them. *See, e.g., State v. Hamilton*, 9th Dist. Lorain No. 17CA011143, 2018-Ohio-2551, ¶ 10.

**{¶11}** Before 2006, R.C. 2935.09 provided, in relevant part, as follows:

> [I]n order to cause the arrest or prosecution of a person charged with committing an offense in this state, * * * a private citizen having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney * * *, for the purpose of having a complaint filed by such prosecuting or other authorized attorney.

The legislature amended the statute in 2006. *See* 2006 Am.H.B. No. 214. The purpose of the amendment was "to require that an appropriate official review affidavits filed by private persons to determine if a complaint should be filed." *Id.* Thus, in amending R.C. 2935.09, the General Assembly sought to "limit[] a private citizen's ability to cause the arrest or prosecution of another" by requiring citizen affidavits to "be reviewed by judges, magistrates, or prosecutors * * * before any arrest or prosecution is instituted." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 7. The plain language of the amended statute makes clear that the filing of a private citizen's affidavit does not automatically trigger the filing of a criminal complaint. *See* R.C. 2935.09(D)

(reviewing official will consider citizen affidavit and determine "if" a complaint will be filed). The Supreme Court also has held that a private citizen does not have a right to prosecution and that the ultimate decision whether to prosecute lies with the State. *State ex rel. Whittaker*, 164 Ohio St.3d 151, 2021-Ohio-1241, at ¶ 11.

{¶12} To the extent Mr. Thompson argues that the filing of a citizen affidavit automatically triggers a criminal prosecution, the plain language of R.C. 2935.09, et seq., and the case law interpreting that statutory scheme refute his argument. The record reflects the trial court considered Mr. Thompson's affidavit and applied the plain language of R.C. 2935.09, et seq. Following its review, the trial court referred the matter to the prosecutor's office for further investigation. R.C. 2935.10(A). Mr. Thompson has not shown the trial court committed a legal error by applying R.C. 2935.09, et seq., and referring his affidavit to the prosecutor's office for review. Accordingly, his assignment of error is overruled.

III.

{¶13} Mr. Thompson's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

MATTHEW A. THOMPSON, pro se, Appellant.

J.D. TOMLINSON, Prosecuting Attorney and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.