[Cite as *Prowant v. Continental*, 2023-Ohio-4479.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

JULIE PROWANT,                                      CASE NO. 12-23-04

    PLAINTIFF-APPELLANT,

    v.

VILLAGE OF CONTINENTAL,                      O P I N I O N
OHIO, ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Putnam County Common Pleas Court
Trial Court No. 2022CV134

Judgment Affirmed

Date of Decision:  December 11, 2023

APPEARANCES:

    *Nicholas P. Wainright* for Appellant

    *Nicholas W. Bartlett* for Appellees

**WALDICK, J.**

{¶1} Appellant, Julie Prowant ("Prowant"), brings this appeal from the May 23, 2023, judgment of the Putnam County Common Pleas Court granting summary judgment in favor of appellees, Village of Continental ("Continental"), et al. On appeal, Prowant argues that the trial court erred by determining that Continental's decision to demolish her "unsafe" building was supported by a preponderance of substantial, reliable, and probative evidence. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On March 12, 2021, the Continental Village Review Board sent a letter to Prowant informing her that an unoccupied building she owned on North Main Street was unsafe due to hazardous wiring, inadequate maintenance, bricks "loosing" mortar, a supporting wall in danger of collapse, dilapidation, and structural safety.[1] As a result of the building being unsafe, the Review Board sought to demolish it.

{¶3} Prowant attended a Review Board meeting on March 30, 2021, wherein the Review Board expressed its concerns with the building. Prowant

---

[1] At the time the letter was first sent, Prowant jointly owned the building with her husband. Prowant's husband has since died and Prowant is the sole-owner of the property at issue. Thus even though her husband was involved early in the proceedings, we will refer to his actions as Prowant's as their interests were aligned for the sake of simplicity.

requested that the building be "checked out by a certified engineer" to see if the building was structurally safe to repair.

{¶4} Per Prowant's request, the Mayor of Continental, who was on the Village Review Board, contacted an engineering and surveying firm to conduct a structural inspection of the building. An engineer from Bockrath & Associates inspected the building and made the following written findings on April 12, 2021:

> Regarding the overall structural condition of the 203 N. Main St. building, I conducted an inspection of the exterior of the building only. Access to the interior was not available.
>
> The south and west walls appeared to be straight and true. The east wall at the second story bowed out approximately 4 inches and needs further evaluation from the building interior. The blocks and mortar joints of all the visible walls appeared generally to be intact and in fair condition, apart from the south wall at the second story south east corner which had stairstep cracking for six courses below the window, and at the southwest corner of the second story. It appeared that an 8-course high parapet wall was removed from the back portion of the building. The remaining block and joints are damaged at that corner.
>
> On the south wall, 3 of 7 window lintels are cracked and one is missing, and a door opening was cut and has no lintel. The first story west wall has a 5'-4" door opening with a cracked lintel and the second story has one of two windows with a cracked lintel. All lintels are bearing approximately 4". Precast lintel bearing is typically equal to the lintel height (8" in this case). The 4" bearing will need further evaluation.
>
> There are two trees growing adjacent to the west wall foundation. They need removed and the foundation exposed to inspect for any damage they have caused.
>
> The north wall will need inspected for damage after the adjacent brick wall of the north building has been removed.

All the structural deficiencies noted in this report or found after further evaluation need corrected, and an interior structural inspection conducted, and all deficiencies found there corrected prior to the building being occupied.

**{¶5}** The Village Review Board next met to discuss Prowant's property on April 20, 2021, with Prowant in attendance. Prowant indicated there was a misunderstanding regarding when the interior inspection would be done by the engineer, so the interior inspection was never completed. Prowant told the Review Board that the estimated cost to repair the building from a renovation company was $21,800. The Mayor indicated that a different person provided him with an estimate of $7,500.

**{¶6}** The Mayor indicated that Prowant had been ordered to conduct repairs to the building in 2013 but repairs were not done. The building was valued in 2021 at $4,310. The Mayor indicated that pursuant to Village Ordinance 93-413, a structure deemed unsafe could be demolished if the cost for repair could not be made at a price that is 50% or less of the value of the structure. As the cost of repairs far exceeded half the value of the building by any estimation, the Review Board voted to demolish the building.

**{¶7}** Prowant appealed the decision to demolish her building to the Continental Village Council. After numerous continuances, a hearing was held on Prowant's appeal on August 23, 2022, by the Continental Village Council. At the hearing, Prowant expressed her desire to renovate the building for a yet-to-be-

determined family business. Prowant was working with a professional engineer on plans to renovate the building and she was working with a consultant to prepare a business plan for the potential business.

{¶8} Prowant indicated that her renovations would cost $300,000-$400,000. She indicated she was prepared to secure financing but had not done so yet. Prowant acknowledged that she came into joint possession of the building with her parents in 2010. Other than a new roof being placed over part of the building, it is not clear if any other work had been done on the building in the ensuing years.

{¶9} An engineer hired by Prowant was present at the appeal hearing and he stated that the building needed significant renovations and that the building was unusable in its current condition. He indicated the building would need to be "gutt[ed]."

{¶10} According to Prowant's engineer, none of the interior framing was suitable for reuse and half of the former wooden floor was gone. However, the engineer stated that the building "is not a structurally unsound building," that it is not unstable, and it is not a hazard to the public. Nevertheless, Prowant's engineer acknowledged that the cost of repairs would be more than half the value of building.

{¶11} A written report evaluating the building from the Technicon Design Group was presented to the Village Council. The engineer conducting the examination only reviewed the exterior of the building for her report. The report stated that the structural integrity of the building had been compromised due to

wind, water and ground movement. The report noted that the building had been without a proper heat source and electrical power for some undetermined amount of time, which could have caused damage to plumbing, electrical, and mechanical systems. The engineer noted that an exterior wall showed signs of extensive cracking and deterioration of mortar, and that the wall facing main street appeared to be "bowing outward with extensive cracking along mortar joints."

{¶12} Prowant's engineer disputed some of the findings of the Technicon Engineer, stating that in his opinion none of the issues with the building were "structural."

{¶13} Following the appeal hearing, the Village Council issued a written opinion ordering Prowant's building to be demolished. The Village Council determined that the building was worth $4,310 and renovations, according to Prowant's own statements, would cost approximately $300,000. As the cost of repairs far exceeded one-half of the property's value, and as the building was declared unsafe, the Continental Village Council determined that the Village Review Board's finding that Prowant's building should be demolished under local ordinance 93-413 was proper.

{¶14} Prowant appealed the Village Council's determination to the Putnam County Common Pleas Court arguing that the demolition order was unsupported by the evidence, and that she was denied due process. The parties filed cross-motions for summary judgment. Continental argued, *inter alia*, that the Village Council's

determination was supported by a preponderance of reliable, probative, and substantial evidence.

{¶15} On May 23, 2023, the trial court filed a judgment entry affirming Continental's decision, granting Continental's motion for summary judgment, denying Prowant's motion for summary judgment, and dismissing Prowant's action. The trial court determined that the Review Board followed the requisite local ordinance, that the matter was properly reviewed by the Board, and that the "50% value rule" relied upon by Continental was properly applied. Prowant now appeals the trial court's judgment, asserting the following assignment of error for our review.

### Assignment of Error

**The court erred in granting summary judgment in favor of the Appellees when determining that the Village's decision to demolish the building at issue was supported by a preponderance of substantial, reliable, and probative evidence.**

{¶16} Prowant argues that the trial court erred by determining that the decision to demolish her building was supported by a preponderance of substantial, reliable, probative evidence because the determination was made without an expert opinion and without an internal inspection of the building. Prowant contends, *inter alia*, that both the review board and the trial court improperly conflated the total cost of renovation with the cost to make the building "safe."

### Summary Judgment Standard

**{¶17}** Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Whittaker v. Lucas County Prosecutor's Office*, 164 Ohio St.3d 151, 2021-Ohio-1241, ¶ 8. Material facts are those facts "'that might affect the outcome of the suit under the governing law.'" *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). "Whether a genuine issue exists is answered by the following inquiry: [d]oes the evidence present 'a sufficient disagreement to require submission to a jury' or is it 'so one-sided that one party must prevail as a matter of law[?]'" *Id.* quoting *Anderson* at 251-252.

**{¶18}** "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 282 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.* citing *Dresher* at 292.

-8-

**{¶19}** We review a trial court's decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25.

Law Governing Administrative Appeals

**{¶20}** When an appeal is taken from a final order or decision of an administrative body to a common pleas court under R.C. 2506.01, the common pleas court is limited in its scope of review. Pursuant to R.C. 2506.04, "the [common pleas] court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The common pleas court may "affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court."

**{¶21}** However, when an appeal is taken to an appellate court from a common pleas court's review of an administrative decision, our review is even more limited in scope. *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 25. Appellate review is "narrower and more deferential to the lower court's decision." *Id*. The Supreme Court of Ohio has stated, "The courts of appeals may review the judgments of the common pleas courts only

on questions of law; they do not have the same power to weigh the evidence." *Id.*

The Supreme Court of Ohio has stated:

> "[R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." [*Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984)] at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Lorain City School Dist. Bd. of Edn. V. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261.

*Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 2000-Ohio-493.

{¶22} "Within the ambit of questions of law for appellate-court review is whether the common pleas court abused its discretion." *Indep. v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 14. "The court of appeals must affirm unless it finds, as a matter of law, that the trial court's decision is not supported by a preponderance of reliable, probative, and substantial evidence." *Id.*

Analysis

**{¶23}** The Continental Review Board declared Prowant's building unsafe and ordered it to be demolished under Local Ordinance 93-413, which reads, in pertinent part, as follows:

> SECTION 1. <u>Definition: Nuisance</u>. All buildings [that][2] are structures which are structurally unsafe or not provided with adequate egress, or which constitute a fire hazard, or are otherwise dangerous to human life or which in relation to existing use constitute a hazard to health by reason of inadequate maintenance, dilapidation or obsolescence, are for the purpose of this Ordinance, "unsafe buildings". All such unsafe buildings are declared to be public nuisances and shall be abated by repair and rehabilitation or demolition in accordance with the procedure of this Ordinance.
>
> * * *
>
> SECTION 3. If, after the notice and hearing, the Board determines that the structure under consideration is unfit for human habitation, occupancy or use, or is an unsafe building, it shall state in writing its findings of fact in support of such determination and shall issue and cause to be served upon the owner thereof an order requiring the owner:
>
> * * *
>
> (B) Within the time specified in the order, to remove or demolish the structure if the repair, alteration, or improvement of the structure cannot be made at a cost that is not more than 50% of the value of the structure.

**{¶24}** The only evidence contained in the record valued Prowant's building at $4,310 by the Putnam County Auditor. Half the value of the building was thus $2,155. All of the testimony in the record indicates that costs to repair the building

---

[2] From the wording of the Ordinance, it appears a word has been omitted such as "that", which we have added in brackets.

would substantially exceed $2,155. Thus according to the record, the Board, and the trial court, appropriately applied Local Ordinance 93-413.

**{¶25}** Prowant argues that the trial court erred because it determined that Prowant's total renovation estimate of $300,000 constituted the amount to make the building "safe." However, even Prowant's early estimates for repair exceeded $21,000. There is no evidence in the record whatsoever that Prowant could repair the structure at a cost that was not more than 50% of the structure's value.

**{¶26}** Moreover, although Prowant argues that Continental never had anyone inspect the interior of the building, that was not a specific requirement in the local ordinance. Further, Prowant's own expert indicated that the interior would need to be gutted and the building was currently unusable in its current condition. Thus we fail to see how the trial court erred here given that any interior inspection by Continental's experts would only have added to the cost of repairs.

**{¶27}** It appears the building has been in an ongoing state of disrepair for a significant length of time.[3] Continental complied with the local ordinances in determining that the building was unsafe and should be demolished and we can find no error with the trial court's determination that Continental's determination should be affirmed. Therefore, Prowant's assignment of error is overruled.

---

[3] Prowant discussed the possibility of rebuilding on the property.

*Conclusion*

**{¶28}** Having found no error prejudicial to Prowant in the particulars assigned and argued, her assignment of error is overruled and the judgment of the Putnam County Common Pleas Court is affirmed.

**WILLAMOWSKI and ZIMMERMAN, J.J., concur**

**/eks**